THE BOARD OF COMMISSIONERS OF CALDWELL COUNTY
v. SIDNEY SPITZER & CO.

(Filed 14 March, 1917.)

**Municipalities—Counties—Bonds—Poor House—Necessaries — Constitutional Law.**

> The building of a county home is for a class of citizens without a place of residence, and beneficent provision for whom is recommended by our Constitution, Art. XI, sec. 7, "as one of the first duties of a civilized and Christian State"; therefore, providing for such a home being included in the idea of their support, a county may pledge its faith and credit and issue valid bonds for that purpose, as a necessary expense, without the approval of its voters.

CIVIL ACTION from CALDWELL, heard upon case agreed before *Webb, J.,* at Chambers, 13 February, 1917.

This is a controversy without action between the board of commissioners for the county of Caldwell and the defendant Sidney Spitzer & Co., to determine the validity of bonds issued by authority of an act

of the General Assembly, ratified 9 January, 1917. By that act the said commissioners were empowered to issue bonds, among other things, for the purpose "of securing site for and building a new county home for said county." These bonds were directed to be issued without a vote of the people. The defendant made a proposition for the purchase of the said bonds which the plaintiff board accepted. This proposition was made dependent upon the legality of the issue. Defendant, under the advice of its attorney, declined to complete the purchase, upon the ground that the said bonds to be issued under said act, $12,-000 in amount, were not for a necessary expense of the said county, and that, therefore, a majority of the qualified voters of Caldwell County were required to sanction the issue to make said bonds legal under the provisions of Article VII, section 7, of the Constitution of North Carolina. The only question presented is the one as to whether the procuring a site for and building a new county home is a necessary expense of the county of Caldwell.

Judgment was rendered in favor of the plaintiff, declaring said bonds valid and adjudging the recovery of the purchase price thereof, and the defendant excepted and appealed.

*Squires & Whisnant for plaintiff.*
*B. F. Williams for defendant.*

ALLEN, J. It is declared in Article XI, section 7, of the Constitution that "Beneficient provision for the poor, the unfortunate, and orphan" is "one of the first duties of a civilized and Christian State," and in accordance with this spirit, which pervades the Constitution, it was held in *Jones v Comrs.,* 137 N. C., 579, and affirmed in *Keith v. Lockhart,* 171 N. C., 451, that the "support of the aged and infirm," which is the designation given by statute to the poor of the county (Revisal, sec. 1327; *Copple v. Comrs.,* 138 N. C., 132), is a necessary expense.

The word "support" has a variety of meanings and does not necessarily include the building of a home; but when considered in connection with the class to be benefited, many of whom are without a place of residence, and the policy of the State to maintain the poor at some permanent and established place, support includes shelter, a place to live, and this makes it necessary to build a county home, without which the duty enjoined upon the commissioners could not be performed.

It follows that the bonds in controversy are valid and that the defendant must accept and pay for them.

Affirmed.