## ATLANTIC COAST LINE RAILROAD COMPANY v. LENOIR COUNTY ET AL.

(Filed 25 March, 1931.)

**1. Counties B b—County commissioners may correct error in minutes as to rate of taxation for general county purposes.**

An erroneous entry in the minutes of the board of county commissioners as to the amount assessed on the one hundred dollars valuation of property is subject to correction by the board so as to make the record speak the truth and show it was not in violation of constitutional limitations.

**2. Same—Evidence of error in recording minutes and subsequent correction held sufficient, proceedings of board being proper evidence thereof.**

The entries of record of the board of county commissioners relating to a correction of an erroneous entry to make it speak the truth, showing its proceedings of several sessions in that respect, is the best evidence thereof, and where matters are submitted to the judge to find the facts, and the proceedings are sufficient, his finding upholding the validity of the correction is conclusive.

**3. Taxation A b—Legislative authority to levy special taxes may be given by special or general act.**

The legislative authority necessary to the validity of an assessment of taxes by a county for a special purpose in excess of the constitutional limit for general county purposes may be conferred by special or general act, Article V, section 6, and *held:* authority is conferred by C. S., 1297-8½, upon county commissioners to levy a tax for the special purpose of maintaining a home for aged and infirm and other similar institutions, and by C. S., 7075, for the special purpose of preserving the public health, but no authority is given to levy a special tax for the purpose of raising revenue for the maintenance of the county court and public welfare departments.

APPEAL by plaintiff from *Lyon, Emergency Judge,* at November Term, 1930, of LENOIR.

This is an action to recover of the defendants the sum of $480.48, with interest from 9 January, 1929, as taxes illegally assessed against the plaintiff (a taxpayer of Lenoir County) and paid under protest. P. L. 1927, ch. 80, sec. 464, N. C. Code, 1927, sec. 7880 (189).

On 6 August, 1928, the board of commissioners of Lenoir County levied a tax of fifteen cents on property valued at $100 as general county taxes for ordinary county purposes, seven cents for the county home, county aid, health and poor relief, and one cent for the county court and public welfare.

The minutes of the board were recorded as showing a levy of twenty-three cents for general county purposes and for health, county court, public welfare and other general items.

R. R. *v.* LENOIR COUNTY.

On the first Monday in September, 1929, the board of commissioners amended and corrected the error in the minutes "so as to speak the truth and show the levy actually made when the board met on 6 August, 1928." The county auditor filed a summary of the budget on 6 August, 1929, showing the amounts necessary to be raised from the taxes of 1928 to cover the items therein named, the assessed valuation of all property in the county for 1928 being $27,761,000.

A levy of five cents was necessary for the support of the county home, the farm, county aid, and relief of the poor. The board attempted to levy a special tax of one cent for the county court and the public welfare department.

The foregoing facts were found by the court, trial by jury having been waived, and were set out in the judgment.

Upon these facts it was adjudged that the special levy of five cents made by the county of Lenoir for the year 1928 was duly, properly and lawfully made for the special purpose of raising sufficient funds to take care of the county home and farm, county aid and poor relief; that it was made with the special approval of the General Assembly; that the county of Lenoir had the full right and power to collect taxes from the plaintiff in accordance therewith, and that the plaintiff herein is not entitled to recover of the defendant the tax paid by it on account thereof, and sued on in this action; also that the special levy of two cents was duly, properly and lawfully made for the special purpose of raising sufficient funds for the preservation of the public health of Lenoir County; that it was made with the special approval of the General Assembly; that the county of Lenoir had the full right and power to collect taxes from the plaintiff; and that the plaintiff is not entitled to recover of the defendant the tax paid by it on account thereof and sued on in this action; also that the attempted levy of one cent to raise sufficient funds to conduct the county court and public welfare departments was made without any special approval of the General Assembly; that the said county of Lenoir had no right to levy the same, and that the plaintiff is therefore entitled to be reimbursed by said county out of the taxes paid by it the sum of $60.06, being the amount paid by the plaintiff on account of said one cent levy, together with interest thereon from 9 January, 1929, until paid.

The plaintiff excepted and appealed.

*Rouse & Rouse for plaintiff.*
*Wallace & White for defendants.*

ADAMS, J. The minutes entered of record at a meeting of the board of commissioners on 6 August, 1928, recited the levy of a tax of twenty-

three cents on property valued at one hundred dollars. The plaintiff contends that this levy is in conflict with the constitutional provision that the total of the State and county tax on property shall not exceed fifteen cents except when the county property tax is levied for a special purpose and with the special approval of the General Assembly. Constitution, Art. V, sec. 6. The defendants say that a county tax of only fifteen cents was levied, the remainder of the twenty-three cents being for special purposes and with special legislative approval, and that the entry on the minutes of the board was an error of the draftsman which was corrected at a subsequent meeting of the board.

We have held that while a board of county commissioners cannot with retroactive effect change a tax which it has purposely imposed in the way the law prescribes, it may correct an erroneous entry upon the minutes so that the record shall, in the language of the law, "speak the truth" concerning the tax. *R. R. v. Reid,* 187 N. C., 320; *R. R.: v. Forbes,* 188 N. C., 151; *R. R. v. Cherokee County,* 195 N. C., 756. We are not aware of any satisfactory reason why the principle should not apply in the present case. The board did not undertake to levy another tax, but in effect to explain the marginal entry of "15 cents general, 8 cents special."

Whether the minutes of 6 August, 1928, had been erroneously recorded and whether they had been subsequently corrected were matters for the court to determine, a trial by jury having been waived. It is admitted by the appellant that the court's finding of facts, under such circumstances, is ordinarily as conclusive as the verdict of a jury; but it is insisted that the finding is not supported by the evidence. In our opinion the evidence is sufficient to sustain the facts as found by the presiding judge. The proceedings of the several sessions, which are a part of the pleadings, may be regarded not only as proper evidence, but as the best evidence of the matters to which they relate.

The plaintiff contends that the levy of five cents for the support of the county home and for "county aid and poor relief," and of two cents for the preservation of the public health in the county was not imposed for a special purpose and with the special approval of the General Assembly.

It will be observed that the special approval of the Legislature may be expressed by a special or a general act. Constitution, Art. V, sec. 6. At the session of 1923 a statute was enacted which authorizes the boards of commissioners of the various counties to levy a tax not to exceed five cents for the purpose of maintaining county homes for the aged and infirm and other similar institutions. C. S., 1297-8½. This is a special purpose within the contemplation of the constitutional provision, and we construe the words "county aid and poor relief" to be

within the scope of the special purpose which is indicated in the statute.

The tax of two cents purports to have been levied under section 7075 of the Consolidated Statutes, which authorizes the board of county commissioners of each county to levy a special tax, to be expended under the direction of a committee, for the preservation of the public health.

This, in the language of the statute, is a special tax. It is to be levied for a special purpose with the special approval of the General Assembly. The appellant cites *Armstrong v. Board of Commissioners,* 185 N. C., 405, in support of its position; but that case dealt primarily with Article II, section 29, of the Constitution, and recognized the validity of C. S., 7075, and the conferred authority to levy the tax therein provided for the protection and conservation of the public health. Judgment

Affirmed.