STACY, C. J., dissenting.
This is an action to enjoin the execution by the defendant the Board of Commissioners of Wake County, on behalf of the defendant Wake County, of a contract with the trustees of Rex Hospital, pursuant to resolutions duly adopted by the said Board of Commissioners and the said trustees, on the ground that the defendant Board of Commissioners has no lawful power to bind the defendant Wake County by the execution in its name of said contract, and that its execution by the said Board of Commissioners will result in irreparable damages to the plaintiff and all other citizens and taxpayers of Wake County.
The contract which the defendant Board of Commissioners proposes to execute on behalf of the defendant Wake County is in writing, and is in words and figures as follows:
"NORTH CAROLINA — WAKE COUNTY.
"This contract, made this _______, 1935, by and between Wake County, aquasi-municipal corporation of North Carolina, organized under the laws of said State, party of the first part, and trustees of Rex Hospital, a corporation duly chartered under the laws of the State of North Carolina, party of the second part;
"Witnesseth: That whereas, the trustees of Rex Hospital, a corporation, party of the second part, has offered to provide adequate hospital care for the indigent sick and afflicted poor of Wake County for a *Page 356 
period of thirty years, beginning 1 July, 1935, and continuing for thirty years thereafter, for a consideration of ten thousand dollars annually to be paid by Wake County, party of the first part, on the first day of July, 1935, and the first day of July of each succeeding year thereafter for a period of thirty years from and after 1 July, 1935; and whereas, the care and maintenance of the indigent sick and afflicted poor of Wake County is a necessary expense of the county; and whereas, the county is obligated by the Constitution of North Carolina, and the laws of the State to provide for the care and maintenance of its indigent sick and afflicted poor; and whereas, the county is expressly authorized and empowered to enter into this contract by an act of the General Assembly of North Carolina, 1935, it being House Bill 289.
"Whereas, trustees of Rex Hospital, a corporation, propose to build and construct a new, modern, and up-to-date hospital, with proper facilities for the adequate care and maintenance of the indigent sick and afflicted poor of the county through a loan to be obtained through the Federal Emergency Administration of Public Works of the United States;
"Now, therefore, it is mutually agreed between the parties hereto as follows:
"1. That the trustees of Rex Hospital, a corporation, will construct, equip, and maintain a modern, up-to-date hospital with proper and necessary facilities for the care and maintenance of the indigent sick and afflicted poor of the county of Wake; and hereby agree to care for and provide proper hospital facilities in said hospital for the indigent sick and afflicted poor of the county of Wake, for a period of thirty years, beginning 1 July, 1935, and continuing for a period of thirty years thereafter, in consideration of Wake County paying to the trustees of Rex Hospital the sum of ten thousand dollars annually for said services, said consideration to be paid on 1 July, 1935, and on the first day of July of each succeeding year thereafter for said thirty-year period.
"2. And the said party of the first part, Wake County, in consideration of said services to be rendered, hereby agrees and binds itself to pay to the trustees of Rex Hospital, said party of the second part, the sum of ten thousand dollars annually, for a period of thirty years, the first payment of ten thousand dollars to be made on 1 July, 1935, and the remaining twenty-nine annual payments in the sum of ten thousand dollars are to be paid on the first day of July of each succeeding year thereafter for said period of thirty years.
"In testimony whereof, Wake County, party of the first part, has caused these presents to be signed in its name by the chairman of its Board of County Commissioners, and its corporate seal to be hereto affixed and attested by the clerk to said Board of County Commissioners, *Page 357 
all by order of a resolution of its Board of County Commissioners, this day duly passed and carried, a copy of which is attached to this contract, marked Exhibit `A,' and made a part hereof; and the trustees of Rex Hospital, a corporation, party of the second part, has caused these presents to be signed in its corporate name by the chairman of its board of trustees, and its corporate seal to be hereto affixed and attested by the secretary to said board of trustees, all by order of a resolution of its board of trustees, this day duly passed and carried, a copy of which is attached to this contract, marked Exhibit `B,' and made a part of this contract, the day and year first above written.
 "COUNTY OF WAKE, By ________________________________________________ Chairman of the Board of County Commissioners.
"Attest:
 ___________________________________________________ Clerk to the Board of County Commissioners.
 "TRUSTEES OF REX HOSPITAL, By ________________________________________________ Chairman of the Board of Trustees of Rex Hospital.
"Attest:
 _______________________________________________________ Secretary to the Board of Trustees of Rex Hospital."
The resolution adopted by the defendant Board of Commissioners of Wake County, and referred to in said contract as Exhibit "A," is as follows:
"Whereas, trustees of Rex Hospital, a corporation, have filed an application with the Federal Emergency Administration of Public Works for aid in the construction of a new, modern, and up-to-date hospital, to be built in Wake County, North Carolina, by way of a loan and grant in the aggregate amount of not in excess of three hundred fifty thousand dollars, of which not in excess of thirty per cent of the amount expended for the labor and material employed in the construction of the hospital shall be made by way of grant, and the balance by the purchase of the United States of America of bonds to be issued by the trustees of Rex Hospital, a corporation; and
"Whereas, the Federal Emergency Administration of Public Works has indicated that it will not make an allotment of funds for the construction of the hospital unless and until the county of Wake shall have entered into a valid and enforceable contract with the trustees of Rex Hospital, a corporation, in substantially the form attached to this resolution, which form of contract is satisfactory to the Federal Emergency Administration of Public Works; and *Page 358 
"Whereas, the hospital operated by trustees of Rex Hospital has been extending charitable relief and service to the sick, afflicted, and indigent poor of Wake County for many years; and whereas, the Commissioners of Wake County have for years made annual appropriations in part payment of services rendered by trustees of Rex Hospital in the care and maintenance of the indigent sick and afflicted poor of Wake County; and
"Whereas, under the Constitution and laws of North Carolina, the Commissioners of Wake County are obligated and in duty bound to provide for the maintenance and care of the indigent sick and afflicted poor of the county; and
"Whereas, the present facilities of Rex Hospital, as has been found by the Supreme Court of North Carolina, are inadequate to properly care for the indigent sick and afflicted poor of the County; and whereas, it has become necessary to construct a new, modern, and up-to-date hospital for the care and maintenance of the sick and afflicted poor of the county; and whereas, the care and maintenance of the indigent sick and afflicted poor of the county is a necessary expense of the county; and whereas, the Federal Emergency Administration of Public Works, acting upon the application of the trustees of Rex Hospital, has indicated that it will lend to said corporation the sum of three hundred fifty thousand dollars, of which not in excess of thirty per cent of the amount expended for labor and material employed in the construction of the hospital shall be by way of grant; and whereas, the Federal Emergency Administration of Public Works requires as a condition precedent to the closing of said loan and the making of funds available for the construction of said hospital, that the Commissioners of Wake County enter into a contract in substantially the form hereto attached, marked Exhibit `A,' and made a part of this resolution, whereby the Commissioners of Wake County, in consideration of the trustees of Rex Hospital providing adequate and proper care and facilities for the indigent sick and afflicted poor of the county that may be sent to said hospital, agree to pay to the trustees of Rex Hospital the sum of ten thousand dollars annually over a period of thirty years for said services to be rendered in care and maintenance of the indigent sick and afflicted poor of the county; and whereas, this agreement is satisfactory to the trustees of Rex Hospital; and
"Whereas, the charge of ten thousand dollars per annum for said services is reasonable, and in fact less than fifty per cent of the actual cost of caring for the sick and afflicted poor of the county of Wake during the past few years; and whereas, the Commissioners of Wake County are in duty bound and obligated by law to make provisions for the care and maintenance of the indigent sick and afflicted poor; and
"Whereas, the charge of ten thousand dollars per annum for said services is reasonable, and in fact less than fifty per cent of the actual *Page 359 
cost of caring for the sick and afflicted poor of the county of Wake during the past few years; and whereas, the Commissioners of Wake County are in duty bound and obligated by law to make provision for the care and maintenance of the indigent sick and afflicted poor of the county; and whereas, an emergency exists which makes it imperative for the Commissioners of Wake County to enter into said contract in order to provide for the care and maintenance of the sick and afflicted poor of the county, for that the hospital cannot be built without this contract; and
"Whereas, the Commissioners of Wake County have been duly authorized and empowered to enter into said contract with the trustees of Rex Hospital by an act of the General Assembly of North Carolina, 1935, said act being House Bill No. 289.
"Now, therefore, be it resolved by the Commissioners of Wake County that said contract hereto attached and marked Exhibit `A' be in all respects approved and confirmed and the proper officers of this board are hereby ordered and directed to execute said contract according to law, and the same is hereby declared a legal and binding obligation of Wake County; and said officers are authorized to do any and all things necessary to make said contract the legal and binding obligation of Wake County.
"Be it further resolved, that there shall be levied annually, at the time other taxes are levied, a special tax upon all the taxable property within said county of sufficient rate and amount to provide for the payments called for under said contract, as the same mature."
The resolution adopted by the trustees of Rex Hospital, and referred to in said contract as Exhibit "B," is as follows:
"Whereas, the trustees of Rex Hospital contemplate the construction of a new, modern, and up-to-date hospital by and through the aid of the Federal Emergency Administration of Public Works; and whereas, said Government corporation has required as a consideration precedent to the closing of said loan that the trustees of Rex Hospital enter into a contract with the county of Wake and State of North Carolina, whereby said trustees of Rex Hospital will furnish hospital facilities to the indigent sick and afflicted poor of said county for a period of thirty years, beginning 1 July, 1935, and continuing for thirty years thereafter, in consideration of the county of Wake paying to the trustees of Rex Hospital the sum of ten thousand dollars annually for a period of thirty years for said services.
"Now, therefore, be it resolved by the trustees of Rex Hospital that said contract be executed and entered into in such form as is approved by and required by the Federal Emergency Administration of Public Works of the United States; and the proper officers of this corporation *Page 360 
are hereby ordered and directed to execute said contract and do any and all things necessary to make the same a legal and binding obligation of this corporation."
The act of the General Assembly of North Carolina, referred to in said contract, and in the resolution adopted by the defendant Board of Commissioners of Wake County, is as follows:
"H. B. 289. An act to amend section one thousand three hundred thirty-five of the Consolidated Statutes of North Carolina, relating to the county poor in the various counties of the State.
"The General Assembly of North Carolina do enact:
"SECTION 1. That section one thousand three hundred thirty-five of the Consolidated Statutes of North Carolina be and the same is hereby amended by adding at the end thereof the following:
"`The board of commissioners of each county, when deemed for the best interest of the county, is hereby given authority to contract, for periods not to exceed 30 years, with public or private hospitals or institutions located within or without the county to provide for the medical treatment and hospitalization of the sick and afflicted poor of the county upon such terms and conditions as may be agreed, provided the annual payments required under such contract shall not be in excess of $10,000. The full faith and credit of each county shall be deemed to be pledged for the payment of the amounts due under said contracts, and the special approval of the General Assembly is hereby given to the execution thereof and to the levy of a special ad valorem tax in addition to other taxes authorized by law for the special purpose of the payment of the amounts to become due thereunder. The contracts provided for in this act and the appropriations and taxes therefor are hereby declared to be for necessary expenses and for a special purpose within the meaning of the Constitution of North Carolina, and for which the special approval of the General Assembly is hereby given, and shall be valid and binding without a vote of the majority of the qualified voters of the county, and are expressly exempted and excepted from any limitation, condition, or restriction prescribed by the County Fiscal Control Act, and acts amendatory thereof: Provided, that the County Commissioners of Lincoln County shall not enter into any such contract except after a public hearing at the county courthouse, notice of which hearing shall be published for two successive weeks in a newspaper published in the county.'
"SEC. 2. That the Commissioners of Catawba County shall not act under this bill until a majority of the people of the county have voted favorably. *Page 361 
"SEC. 3. This act shall not apply to the counties of Ashe, Avery, Buncombe, Clay, Cumberland, Durham, Gates, Haywood, Henderson, Jackson, Lee, Macon, Moore, Nash, Pasquotank, Robeson, Sampson, Transylvania, Wilkes, Yadkin, Rowan, Gaston, Iredell, Surry, New Hanover, Washington, Bertie, Brunswick, Union, Stanly, Yancey, Warren, Vance, Chowan, Currituck, Forsyth, McDowell, Johnston, Halifax, Edgecombe, Pitt, Richmond, Rockingham, Columbus, Guilford, and Mecklenburg.
"SEC. 4. That all laws and clauses of laws in conflict with the provisions of this act are hereby repealed.
"SEC. 5. That this act shall be in force and effect from and after its ratification.
"In the General Assembly, read three times, and ratified this 6 March, 1935."
When the action was called for trial at the April Term, 1935, of the Superior Court of Wake County, judgment was rendered by the court as follows:
"This cause coming on to be heard before the undersigned, Clawson L. Williams, judge presiding over the courts of the Seventh Judicial District, at the regular April Term, 1935, of the Wake County Superior Court, and a jury trial having been waived, and it having been agreed between Banks Arendell, attorney for the plaintiff, and Thomas W. Ruffin, attorney for the defendants, that the court might hear the evidence, find the facts, and render judgment; and evidence having been offered by both plaintiff and defendants, and the court having heard the argument of counsel, the following facts are found to be true.
"1. That this action was brought by the plaintiff, a citizen and taxpayer of Wake County, North Carolina, in behalf of himself and all other citizens and taxpayers of Wake County, North Carolina, against the Board of Commissioners of Wake County, Wake County, and the individual defendants comprising the Board of Commissioners of Wake County; and the court finds that all persons interested in this controversy, who are necessary and proper parties for a determination of the questions presented, are before the court and represented by counsel.
"2. That this action was brought for the purpose of securing a restraining order against the defendants, prohibiting them from executing and carrying out a contract which the defendants propose to enter into with the trustees of Rex Hospital, a corporation, unless restrained by the court.
"3. That said contract provides briefly that the trustees of Rex Hospital will furnish hospital facilities for the care and maintenance of the sick and afflicted poor of Wake County for a period of 30 years, in consideration of the county of Wake paying to said hospital corporation *Page 362 
the sum of $10,000 annually therefor, beginning 1 July, 1935, and payable annually thereafter until said 30-year period has expired.
"4. That the purpose of said contract is to assist the trustees of Rex Hospital in amortizing a $350,000 Government loan, which in turn will result in modern hospitalization for the poor of Wake County, and all of its citizens. And the court finds as a fact that $10,000 annual consideration called for in said contract, to be paid by Wake County, is a necessary expense of the county within the meaning of the Constitution; and is necessary to provide and care for the sick and afflicted poor of the county.
"And the court further finds as a fact that the consideration of ten thousand dollars per annum, as provided for in said contract, to be paid by Wake County, is less than 50 per cent of the actual cost of caring for the sick and afflicted poor of the county, according to the experience of the county during the past three years; and that the consideration is fair and reasonable and to the great benefit of the taxpayers of the county, who without said contract would have to pay more for the care and maintenance of the sick and afflicted poor; that an emergency exists which makes it imperative for the Commissioners of Wake County to enter into said contract in order to provide proper care and maintenance for the sick and afflicted poor of the county for that the hospital cannot be built without this contract.
"5. That the Commissioners of Wake County, and Wake County, are duly and legally authorized to enter into said contract by the Constitution of North Carolina, the statutes, and particularly by an act of the 1935 Legislature briefly designated as House Bill No. 289, and are duly and legally empowered and authorized to levy a special ad valorem tax, in addition to other taxes authorized by law, for the special purpose of the payment of the amounts to become due under said contract, and to pledge the full faith and credit of the county in the payment of the same.
"CONCLUSIONS OF LAW.
"Upon the foregoing findings of fact the court concludes:
"1. That all persons interested in this controversy are now within the jurisdiction of the court and properly before the court.
"2. The consideration set forth in said contract is for a necessary expense of the county, and is fair and reasonable and to the great benefit of the taxpayers and the county, and is for a special purpose within the meaning of the Constitution of North Carolina. That the taxes to be levied for the payment of the same are necessary expense of Wake County, and for special purposes within the meaning of the Constitution, and are valid and binding without a vote of the people, and are expressly exempted and excepted from any limitation, condition, or restriction prescribed by the County Fiscal Control Act and acts amendatory *Page 363 
thereof. That the act of the Legislature hereinbefore referred to is constitutional.
"3. That the contract is binding and legal and, when properly executed, will be binding and legal obligation of Wake County, North Carolina.
"It is, therefore, on motion of Thomas W. Ruffin, attorney for the defendants, by the court ordered, considered, adjudged, and decreed:
"1. That the Board of Commissioners of Wake County, Wake County, and the individual defendants comprising the Board of Commissioners of Wake County be and they are hereby fully authorized and empowered to enter into the contract described in the pleadings, and do any and all things necessary to make said contract the legal and binding obligation of Wake County.
"2. That said contract, when properly executed, shall be and is adjudged to be the legal and binding obligation of Wake County.
"3. The Board of Commissioners of Wake County, and their successors in office are hereby adjudged to have the authority and are authorized and empowered to levy special taxes for the special purpose of the payment of the amounts to become due under said contract, and in an amount and rate sufficient to provide for the payments called for under said contract, as the same mature.
"4. That the plaintiff's prayer for a restraining order is hereby denied, and the plaintiff's cause of action is hereby dismissed, it being found as a fact that this action was brought solely for the purpose of restraining the defendants from executing said contract.
"5. That the defendants recover their costs, to be taxed against the plaintiff."
The plaintiff excepted to the foregoing judgment and appealed to the Supreme Court of North Carolina, assigning as error the holding in said judgment that on the facts found by the court the contract referred to therein, when duly executed on its behalf, will be valid and binding on Wake County, in all respects.
On his appeal to this Court, the plaintiff contends that there is error in the judgment of the Superior Court of Wake County in this action, for that it is adjudged therein that the contract referred to in said judgment, when duly executed pursuant to the resolution of the defendant Board of Commissioners of Wake County, will be a valid and legal obligation of the defendant Wake County, and that for that reason the plaintiff is not entitled to judgment in this action enjoining the execution of said contract. *Page 364 
The plaintiff contends that said contract, although duly executed in its behalf pursuant to the resolution of the defendant Board of Commissioners of Wake County, will not be valid and binding on the defendant Wake County, (1) for that said contract on its face purports to obligate the defendant Wake County to pay to the trustees of Rex Hospital, the sum of $10,000 annually for a period of time in excess of the terms of office of the members of the present Board of Commissioners of Wake County, to wit, for thirty years from and after 1 July, 1935; (2) for that said contract on its face purports to obligate the defendant Wake County to pay, in part at least, the expense of the medical treatment and hospital care of the indigent sick and afflicted poor of said county for a period of thirty years from and after 1 July, 1935; and (3) for that said contract, by the reference therein to the resolution of the defendant Board of Commissioners of Wake County authorizing its execution, purports to bind succeeding Boards of Commissioners of Wake County to levy an annual special tax on the taxable property in said county sufficient to raise each year for thirty years, from and after 1 July, 1935, the sum of $10,000, for a purpose which is not special, and is not a necessary expense of Wake County, without the approval of a majority of the qualified voters of said county.
The Board of Commissioners of Wake County is expressly authorized and empowered by the statute, which was duly enacted by the General Assembly of North Carolina, at its regular session in 1935, in its discretion, to contract for a period not to exceed thirty years with a public or private hospital or institution located within or without Wake County, for the medical treatment and hospital care by such hospital or institution of the indigent sick and afflicted poor of said county, upon such terms and conditions as may be agreed upon by said Board of Commissioners and said hospital or institution, provided the annual payment required by such contract to be made by Wake County shall not exceed the sum of $10,000. It is expressly declared by said statute that the full faith and credit of Wake County shall be deemed pledged to the faithful performance of said contract by Wake County. To give assurance that Wake County will be able fully to perform said contract, if and when the same shall be made by its Board of Commissioners, the said Board of Commissioners is expressly authorized and empowered by the statute to levy each year during which said contract shall be in force a special ad valorem tax, in addition to other taxes authorized by law, on the taxable property in Wake County. It is declared by the statute that such tax, if and when the same shall be levied, shall be a special tax, for a special purpose, and for a necessary expense of Wake County, and shall be valid without the approval of a majority of the qualified voters of Wake County. All laws and clauses of laws in conflict with the provisions *Page 365 
of the statute are expressly repealed. The statute is now and has been since the date of its ratification, to wit, 6 March, 1935, in full force and effect. It appears from the Journal of each house of the General Assembly that the statute was enacted in accordance with the requirements of section 14, Article II, of the Constitution of North Carolina. SeeFrazier v. Commissioners, 194 N.C. 49, 138 S.E. 433.
Wake County is a body politic and corporate, created by the General Assembly of North Carolina for certain public and political purposes. Its powers as such, both express and implied, are conferred by statutes, enacted from time to time by the General Assembly, and are exercised by its Board of Commissioners, C. S., 1290, which is composed of five members, each of whom is elected by the voters of said county for a term of four years. C. S., 1293. It is not, in a strict legal sense, a municipal corporation, as a city or town. It is rather an instrumentality of the State, by means of which the State performs certain of its governmental functions within its territorial limits. Bell v. Comrs., 127 N.C. 85,37 S.E. 136. Speaking of the counties of this State, this Court has said, inJones v. Comrs., 137 N.C. 579, 50 S.E. 291: "These counties are not, strictly speaking, municipal corporations at all in the ordinary acceptance of that term. They have many of the features of such corporations, but they are usually termed quasi-public corporations. In the exercise of ordinary governmental functions, they are simply agencies of the State, constituted for the convenience of local administration in certain portions of the State's territory, and in the exercise of such functions they are subject to almost unlimited legislative control, except when the power is restricted by constitutional provisions." In O'Berry, State Treasurer, v.Mecklenburg County, 198 N.C. 357, 151 S.E. 880, it is said: "The weight of authority is to the effect that all the powers and functions of a county bear reference to the general policy of the State, and are in fact an integral portion of the general administration of State policy."
The people of the State of North Carolina, in their Constitution, section 7 of Article XI, have declared that beneficent provision for the poor, the unfortunate, and the orphan is one of the first duties of a civilized and Christian state. In accordance with this principle, it has been uniformly held in this State that the care of the indigent sick and afflicted poor is a proper function of the government of this State, and that the General Assembly may by statute require the counties of the State to perform this function at least within their territorial limits.
The trustees of Rex Hospital, as a corporation created by the General Assembly of North Carolina, own and maintain a hospital in the city of Raleigh, Wake County, North Carolina, for the medical treatment and hospital care of the indigent sick and afflicted poor of the city of Raleigh and of Wake County. This hospital is supported by donations of property *Page 366 
and money by individuals and by the city of Raleigh and Wake County, and also by sums paid by patients who are able to pay for services rendered to them. It is a public hospital, and is maintained, primarily, as a charitable institution. See Raleigh v. Trustees, 206 N.C. 485,174 S.E. 278.
The contract which the defendant Board of Commissioners of Wake County proposes to make with the trustees of Rex Hospital is in all respects authorized by the statute enacted by the General Assembly of North Carolina, and when executed pursuant to the resolution of said Board of Commissioners will be a legal and binding obligation of the defendant Wake County, unless the statute itself, in some of its provisions, is invalid, for the reason that its enactment is in violation of provisions of the Constitution of North Carolina, or for other reasons.
The statute does not violate the provisions of section 6 of Article V of the Constitution of North Carolina, for the reason that the tax which the Board of Commissioners of Wake County is authorized to levy on the taxable property in Wake County is a special tax for a special purpose, and will be levied with the special approval of the General Assembly. The tax will not be levied for a general county purpose, as for the purpose of providing for the poor and infirm of the county (see R. R. v. Cherokee County,195 N.C. 756, 143 S.E. 467), but for the special purpose of providing medical treatment and hospital care for the indigent sick and afflicted poor of the county. The tax, although it may exceed the Constitutional limitation, will not be void for that reason. The rate of the tax cannot, however, exceed the rate required to raise each year the sum of $10,000.
The statute does not violate section 7 of Article VII of the Constitution of North Carolina, for the reason that the tax which the Board of Commissioners of Wake County is authorized to levy on the taxable property in Wake County is for a necessary expense of the county, and therefore is valid, although not approved by the majority of the qualified voters of the county. See Commissioners v. Spitzer Company, 173 N.C. 147,91 S.E. 707.
The contentions of the plaintiff that the proposed contract contravenes a sound public policy because of its duration presents no question of law affecting the validity of the contract. In that respect it is sufficient to say that the General Assembly of North Carolina has authorized the contract for a period not to exceed thirty years, and that the Board of Commissioners of Wake County, in the exercise of the discretion vested in the said board by the statute, has agreed to contract for that period. Its reasons for so doing are obvious from the record, and will not be reviewed by this Court.
We find no error in the judgment.
Affirmed. *Page 367