ATLANTIC COAST LINE RAILROAD COMPANY v. CUMBERLAND COUNTY AND R. E. NIMOCKS, TREASURER OF CUMBERLAND COUNTY.

(Filed 15 December, 1943.)

**Taxation § 3: Constitutional Law § 4b—**

> The total tax assessment by a county shall not exceed the constitutional limit for general purposes, except when levied for a special purpose and with the special approval of the General Assembly, by special or general act, N. C. Const., Art. V, sec. 6; and Cumberland County is authorized by the Act of 1923, now C. S., 1297 (8½), to levy annually five cents only on the one hundred dollar valuation, for maintaining county homes for the aged and infirm and for similar purposes. Conceding that C. S.,

1297 (28), and C. S., 1335, constitute special approval of the General Assembly for unlimited levy for a special purpose, they are general acts and conflict with the provisions of the later act of 1923.

APPEAL by defendants from *Nimocks, Jr., J.,* at September Term, 1943, of CUMBERLAND.

Civil action for recovery of *ad valorem* taxes alleged to have been assessed illegally and paid under protest.

The action being heard upon the pleadings and exhibits offered, and after argument of counsel, the court finds facts briefly these: (1) Defendant Cumberland County levied *ad valorem* tax for the year 1942 at rate of $1.48 on the one hundred dollars property valuation for designated purposes, including therein these items: (a) For general county fund fifteen cents, (b) for health fund six cents, and (c) for poor fund seventeen cents. (2) Plaintiff, Atlantic Coast Line Railroad Company, a property owner and taxpayer in Cumberland County, paid to tax collector of said county, on 15 January, 1943, all of the *ad valorem* taxes assessed by said county against it, in which payment was included the sum of $2,487.07, representing a levy of twelve cents per hundred dollars valuation in the item of seventeen cents levy for poor fund or poor relief, which sum was paid under protest on the ground that said part of the levy and assessment for the poor fund or poor relief is unconstitutional and void for that it is in excess of the fifteen cents limitation for State and county taxes prescribed by the Constitution of North Carolina, Article V, section 6, and also in excess of the special statutory authority for levying taxes by said county for poor fund or poor relief. And plaintiff duly demanded the refund thereof, and in due time instituted this action to recover same.

The court, being of opinion that defendant Cumberland County has no authority, under any special or general act of the General Assembly of North Carolina to levy an *ad valorem* tax for poor fund or poor relief in excess of five cents on the one hundred dollars valuation, and that the levy of seventeen cents for the year 1942 is unconstitutional and void to the extent of twelve cents per hundred dollars valuation, so adjudged, and rendered judgment in favor of plaintiff and against defendants for the amount of tax paid under protest.

Defendants appeal to the Supreme Court and assign error.

*Thomas W. Davis, M. V. Barnhill, Jr., and Rose, Lyon & Rose for plaintiff, appellee.*

*Robert H. Dye for defendants, appellants.*

WINBORNE, J.   Concededly five cents of the seventeen cents tax levy for the year 1942 made by defendant Cumberland County for poor fund

or poor relief is valid under C. S., 1297 (8½), *R. R. v. Lenoir County,* 200 N. C., 494, 157 S. E., 610. The question is whether upon the facts of this case the remaining twelve cents of such levy is valid. The ruling of the court below in holding it to be invalid accords with our view.

The Constitution, Article V, section 6, provides in part that: "The total of the State and county tax on property shall not exceed fifteen cents on the one hundred dollars valuation of property, except when the county property tax is levied for a special purpose and with special approval of the General Assembly, which may be done by special or general act . . ."

The General Assembly of 1923 passed an Act, now C. S., 1297 (8½), authorizing the boards of commissioners of the various counties in the State to levy annually a tax upon taxable property not to exceed five cents on the one hundred dollars valuation for the purpose of maintaining county homes for the aged and infirm, and other similar institutions —this to be in addition to any tax allowed by any special statute for the enumerated purposes, and in addition to the rate allowed by the Constitution. This Court, speaking of the provisions of this statute, and observing, in the case *R. R. v. Lenoir County, supra,* that the special approval of the General Assembly may be expressed by a special or a general act, N. C. Const., Art. V, section 6, construed the words "county aid and poor relief" to be within the scope of the special purpose indicated in this statute, and held that the purpose so indicated is a special purpose within the contemplation of the constitutional provision. And it is noted that in this statute the General Assembly has placed a limit of five cents for such levy "in addition to any tax allowed by any special statute for the above enumerated purposes," and "in addition to the rate allowed by the Constitution." In other words, in addition to the rate of fifteen cents allowed by the Constitution, Art. V, section 6, as hereinabove quoted, and to any rate allowed by any special statute, the board of commissioners may not levy for such purpose a rate in excess of five cents on the one hundred dollars valuation of property.

Appellants contend, however, that the General Assembly has provided by statutes, C. S., 1297 (28), and C. S., 1335, that the boards of commissioners of the several counties in the State are authorized to provide by taxation for the maintenance, comfort and well ordering of the poor, and that there no limit is placed upon the rate of tax the boards of commissioners may levy for this purpose. Even if it be conceded that these acts constitute special approval of the General Assembly for unlimited levy for special purpose, they are general acts and conflict with the provisions of the later act of 1923. They do not come within the meaning of the clause "in addition to any rate allowed by special statute"

which appears in the later statute. Hence, it is clear that the General Assembly intended to limit to five cents the tax levy for this purpose.

Thus, when this conclusion is applied to the facts of the present case it appears that the county has levied the full fifteen cents allowed by the Constitution for general purposes, and therefore, the levy of seventeen cents is invalid to the extent of twelve cents.

Affirmed.