Civil action for recovery of ad valorem taxes alleged to have been assessed illegally by defendant Beaufort County, and paid under protest by plaintiff.
Plaintiff in its complaint alleges, summarily stated, these facts:
I. That defendant Beaufort County levied ad valorem taxes for the year 1942 at the rate of $1.27 on the one hundred dollars property valuation for these purposes and at these rates: (a) For general county fund — fifteen cents; (b) for public health fund — three cents; (c) for public welfare fund — eight cents; (d) for old age assistance fund — three and a half cents; (e) for aid to dependent children fund — one and a half cents; (f) for county debt service — eighty-four cents; (g) for schools (1) current expense fund — six cents, and (2) debt service — six cents.
II. That upon the assessed value of plaintiff's property the tax so levied for the year 1942 amounted to $19,190.10.
III. That that portion of the levy which is designated above for public welfare fund, eight cents, is void and levied without constitutional authority; that it is not, except as it may be included as a general expense of the county, a necessary governmental expense; that it is not a special purpose and was not levied with special approval of the General Assembly; and that if any authority was vested in the board of county commissioners to levy a special tax for said purpose, such special tax was limited to five cents and the excess of such levy above five cents is null and void.
IV. That plaintiff paid the whole of tax assessed against it for the year 1942, protesting that of the amount paid the sum of $443.20, representing a levy of three cents per one hundred dollars value of property, being three cents of the eight cents levied under designation for public welfare fund, is invalid, and was paid under protest on the ground that said part of said levy and assessment is unconstitutional as being in excess of the fifteen cents limitation for State and county taxes prescribed by the North Carolina Constitution, Article V, section 6, and was not levied for any special purpose as provided in said section; and that plaintiff in due time made demand for refund of said sum of $443.20, which defendants failed and refused to do.
Defendants, in answer filed, admit the levy of tax, the payment of the $443.20 under protest and the demand for refund and refusal as alleged by plaintiff, but deny that the levy of the said three cents of the eight cents for public welfare is invalid. Defendants aver that at October meeting, 1943, by resolution duly adopted the Board of County Commissioners of Beaufort County amended the levy made in 1942 in order to speak the truth with respect to what was designated as "public welfare fund," so that that fund be designated "poor relief fund" — "the purpose of said levy being to provide for poor relief, and for a special *Page 117 
purpose as contemplated by law," and that as so amended the tax levy for the year 1942 is a lawful levy, and does not exceed any constitutional limitations, but is made as provided by statute and for a special purpose as authorized by law.
Upon the hearing in Superior Court, the parties having waived a jury trial and consented that the court might hear the evidence, find the facts and, on the facts found, enter judgment, and having further consented that the judgment might be signed out of the county and out of term with the force and effect as if entered in term, the court finds, from the evidence offered and admissions made in open court, facts in pertinent part, briefly stated, as follows:
1. That defendant Beaufort County levied ad valorem taxes for the year 1942 at the rate of $1.27 on the one hundred dollars property valuation for the purposes and at the rates as specified in the complaint, and at said rate assessed taxes against property of plaintiff.
2. That plaintiff paid the whole amount of the taxes so assessed against it, but paid under protest $443.20 of that amount — asserting that it represented three cents of the eight cents levied for public welfare fund and duly demanded the refund of it upon the ground that that portion of the levy is invalid and unconstitutional for reasons stated in protest as alleged in complaint.
3. That the appropriation resolution upon which the 1942 tax levy was made for old age assistance fund and for aid to dependent children fund did not include any sum for cost of administration; that the cost and expense of administering these funds is included in the appropriation denominated "public welfare fund"; that, upon calculation made and as specified, a levy of one and eight-tenths cents on the one hundred dollars valuation of property, "assuming 85% tax collection, would suffice to pay the county's portion of the expense of administering the old age assistance and the aid to dependent children and in addition thereto that part of the salary of the superintendent of public welfare not covered in the cost of administering said funds," which expense might have appropriately been included in the appropriations for said funds and if they had been so included would have increased the tax levy or rate for those funds and for the salary of the superintendent of public welfare by a total of one and eight-tenths cents thereby reducing the levy for public welfare fund from eight cents to six and two-tenths cents.
4. That after deducting from the public welfare fund the cost and expense of administering the old age assistance and aid to dependent children funds and the salary of the Superintendent of Public Welfare that there was levied for the fiscal year 1942 for the public welfare fund to be used for the maintenance of the welfare office, other than the salary of the county superintendent, maintenance of the county home and other *Page 118 
appropriations for the aged and indigent a tax of six and two-tenths cents on all property in Beaufort County; that if plaintiff is entitled to a refund of the three cents, as it asserts, the amount claimed by it, to wit, $443.20, with interest, is the correct amount owing to it; and that if it is entitled to a refund of one and two-tenths cents, the correct amount owing to it is $172.86 with interest.
5. That after institution of this action the board of county commissioners of Beaufort County amended the resolution relating to the fund denominated "public welfare fund" in the appropriation resolution of 1942 by changing the name of said fund to "poor relief fund" — the purpose of it being to provide by taxation a fund to be used for poor relief, and for a special purpose as contemplated in law.
Upon the foregoing facts, being of opinion that by virtue of the provisions of chapter 288, Public Laws 1937, G.S., 108 — Art. 3, parts 1 and 2, it is mandatory on the counties to levy a tax for the administration of the old age assistance and the aid to dependent children funds, and that these are special purposes with the special approval of the General Assembly, and that it is the duty of the county to provide for the payment of the salary of the superintendent of public welfare and that this, by chapter 319, Public Laws 1937, G.S., 108 — Art. 2, is a special purpose with the special approval of the General Assembly, and that while not specifically segregated in the levy made by Beaufort County these purposes were provided for and that a levy of one and eight-tenths was required for that purpose, and that this portion of the eight cents levy is a special purpose and with special approval of the General Assembly, the court so adjudged. And the court, further being of opinion that if the county had a right to levy a tax for the upkeep of the county home and for other purposes set out in its budget it was limited to five cents under provisions of G.S., 153-9 (6), formerly C. S., 1297 (8 1/2), adjudged that one and two-tenths cents of said 1942 levy for public welfare or poor relief fund is invalid, and that plaintiff have and recover of defendants the sum of $172.86, with interest.
Defendants appeal therefrom to Supreme Court and assign error.
The only question before the Court for decision on this appeal relates to the validity of the ruling of the court below in holding that the board of county commissioners of Beaufort County having levied in the year 1942 a tax rate of fifteen cents on the one hundred dollars property valuation for general purposes, the limit fixed by *Page 119 
Article V, section 6, of the North Carolina Constitution, the levy for public welfare or poor relief was limited to a rate of five cents on the one hundred dollars property valuation under provisions of G.S., 153-9 (6), formerly C. S., 1297 (8 1/2), and hence, upon further facts found, the 1942 levy for public welfare or poor relief is invalid to the extent of one and two-tenths cents.
Defendants contend that, in view of the holding in R. R. v. LenoirCounty, 200 N.C. 494, 157 S.E. 610, that a tax for poor relief is for a special purpose, special approval of the General Assembly is given under the provisions of G.S., 153-9 (23), and -152, formerly C. S., 1297 (28), and C. S., 1335, respectively, for the levy of a rate in the discretion of the board of county commissioners — irrespective of the limitation prescribed in G.S., 153-9 (6), formerly C. S., 1297 (8 1/2). The very recent decision of this Court in opinion handed down on 15 December, 1943, in case of R. R. v. Cumberland County, 223 N.C. 750, 28 S.E.2d 238, is adverse to such contention. The decision there is authority for upholding the decision in court below on question presented here.
Moreover, defendants contended orally in this Court that in addition to the adjustments in rates so as to provide for expenses of administering the old age assistance and the aid to dependent children funds, G.S., 108, Art. 3, parts 1 and 2, respectively, the court below should have made allowance for expense of administering the appropriation for aid to blind, G.S., 111-17, which was included as an item in the appropriation for public welfare fund. No such contention appears to have been made in court below, and none is made in brief filed in this Court. Hence, oral presentation of it comes too late, and the point may not now be raised in this Court.
Furthermore, plaintiff not having appealed from the judgment of Superior Court, the legality of the rulings under which the calculations and adjustments in the tax levy as made by the court below by which one and eight-tenths cents of the levy above five cents for public welfare or poor relief is declared valid, are not before this Court and have not been considered.
Affirmed.