ATLANTIC COAST LINE RAILROAD COMPANY v. DUPLIN COUNTY AND D. S. WILLIAMSON, Treasurer of DUPLIN COUNTY.

(Filed 20 November, 1946.)

**1. Taxation § 2—**

Upkeep of county buildings, upkeep and maintenance of county home for the aged and infirm, expense of holding courts, and maintenance of jail and jail prisoners are general expenses and must be covered in the fifteen-cent levy limited for general purposes. Constitution, Article V, section 6.

**2. Same—**

Where a county's tax rate for general county purposes is fifteen cents, its levy for poor relief is limited to a tax rate of five cents. G. S., 153-9 (6).

3. **Same—Seven-cent levy for poor in addition to fifteen-cent levy for general purposes is excessive by two cents, but county may show that excess was for special purpose with special approval of Legislature.**

Where the tax records of the county disclose a fifteen-cent levy for general purposes and a seven-cent levy for the county poor, two cents of the seven-cent levy is patently excessive and no part thereof can be justified for items of general expense, but where, in an action by a taxpayer to recover the amount paid under protest under the two-cent levy, defendant county introduces resolutions of the board correcting its records to show that two cents of the seven-cent levy was for administration of old age assistance and aid to dependent children, and for salaries of the county accountant and farm agent, nonsuit is proper, since such purposes are for special purposes with special approval of the Legislature, G. S., 108-17, *et seq.*, G. S., 108-44, *et seq.*

4. **Counties §§ 5, 10—**

The Board of County Commissioners may amend or clarify their records to make them speak the truth in order to list separately tax levies for general and special purposes as required by G. S., 153-114, and while this power exists only to make *bona fide* corrections, nothing else appearing, resolutions amending the records will be assumed to be what they purport to be, and not original actions.

Appeal by defendants from *Thompson, J.,* at March Term, 1946, of Duplin.

Two civil actions instituted 23 June, 1942, and 7 May, 1943, respectively, for recovery of *ad valorem* taxes alleged to have been assessed illegally by defendant, Duplin County, for the years 1941 and 1942, respectively, and paid under protest by plaintiff—consolidated for purpose of trial.

The pleadings in the two actions are substantially the same except as to dates and amounts.

Plaintiff alleges in its complaints that for the years above designated defendant Duplin County, by virtue of C. S., 1297 (28), (now G. S., 153-9 (6)), levied an invalid tax of seven cents on the one hundred dollars valuation on all taxable property in the county for the purpose of maintenance, comfort, and well ordering of the poor, and proceeded to collect tax at that rate for said purpose; that plaintiff paid under protest the tax so levied against it, and duly demanded in writing the return of that part of same which is represented by a levy of two cents of the seven cents on the one hundred dollars valuation as aforesaid, for that the legal limitation of the said levy is five cents on the one hundred dollars valuation and, therefore, the additional two cents, purporting to be levied as aforesaid, is not levied for a special purpose or necessary expenses, and the question of its levy has not been submitted to an election and approved by a majority of the qualified voters of the county,

and, hence, it is in excess of the authority of the county and is unconstitutional, invalid, and unenforceable.

Defendants, answering, admit the levy of seven cents, but aver that same is valid for that it was levied not only "(a) for the maintenance, comfort, and well ordering of the poor," but for the following purposes:

"(b) The upkeep of the county buildings, and the county home for the aged and infirm.

"(c) For the County's administrative expense of administering old age assistance.

"(d) For the County's administrative expense of administering aid to dependent children."

And, in the second action, the answer set forth an additional purpose, that is, for the expense of holding courts and the maintenance of the jail and jail prisoners, and by amendment thereto defendant, Duplin County, averred that the levy was also "for the purpose of raising funds" (1) "for the payment of the salary of the county farm agent" and (2) "for the payment of the salary of the county accountant."

When the cases came on for hearing in Superior Court, plaintiff offered in evidence the portions of the answers in respect of the levy and purposes as above set forth. But defendant, on cross-examination of the county accountant as witness for plaintiff, and over objection by plaintiff, obtained (1) identification of budget estimates, appropriation resolutions, and "corrected statement of the tax levy" for 1941 for the following funds, "General county, poor, etc., and health," and like statement for 1942, and (2) explanation that the two cents was levied for administration of old age assistance, and aid to dependent children, and county farm agent and county accountant salaries, and is listed on the tax receipt "Poor, etc." In other words, that the seven cents to "Poor, etc.," is composed of the items of five cents for the county poor, and the two cents for purposes "just explained." And that the requirement for administration of old age assistance and aid to dependent children, as per certificate from the State Board of Allotments and Appeals was $1,196.50, and for county accountant and county farm agent was $1,503.50, a total of $2,700, which plus the estimate for uncollected taxes of $300.00 make up the two cents levy on estimated fifteen million property valuation for the county as a whole.

Defendant moved for judgment as of nonsuit at close of evidence for plaintiff. Denied. Exception by defendants.

Defendants thereupon offered in evidence minutes of the Board of Commissioners showing the budget estimates, the appropriations resolutions, and tax levies for each of the years 1941 and 1942; the levy showing, among others, for General County Fund, fifteen cents, County Poor Fund, seven cents, Health, eight cents, and to old age assistance

fund six cents, and to dependent children fund three cents, and aid to the blind fund one cent.

Defendant also offered in evidence the resolutions showing that the seven cents rate for "Poor, etc.," was corrected, on 3 December, 1945, by the Board of Commissioners to show that two cents of it was for requirement for administration of old age assistance and aid to dependent children as per certificate from State Board of Allotments and Appeals, and for county accountant and county farm agent.

Motion of defendant for judgment as of nonsuit at close of all the evidence was denied. Exceptions. Thereupon, these issues as to the tax for the year 1941 were submitted to and answered by the jury under peremptory instructions of the court, as shown, to wit:

"1. Did the county of Duplin levy a tax for the year 1941, for the County Poor Fund, of seven cents on the one hundred dollars valuation of property, as alleged in the complaint? Answer: Yes.

"2. Was two cents of the tax of seven cents on the one hundred dollars valuation of property levied by Duplin County for the year 1941 for the county poor fund in the sum of $268.30, paid to the treasurer of Duplin County under protest duly made and filed with said Duplin County, as alleged in the complaint? Answer: Yes.

"3. Did the plaintiff within 30 days of the payment of the same demand of Duplin County the refund of said payment, as alleged in the complaint? Answer: Yes.

"4. What amount, if any, is the plaintiff entitled to recover of the defendant on account of said payment so made? Answer: $268.30 with interest from November 25, 1941."

And, identical issues and answers thereto appear for the year 1942, except as to the answer to the 4th issue, the amount there being "$268.60 with interest from February 10, 1943."

From judgments on verdicts defendants appeal to Supreme Court, and assign error.

*Vance B. Gavin and Rivers D. Johnson for appellants.*
*Thomas W. Davis and M. V. Barnhill, Jr., for appellee.*

WINBORNE, J. It must be conceded that on the face of the tax records of Duplin County for the years 1941 and 1942 as they existed when these actions were instituted, and so remained until the 3rd day of December, 1945, nearly three and a half years after the first of these actions was instituted, and nearly two and a half years after the second, the excessiveness of the levy of seven cents for "poor, etc.," was patent. *R. R. v. Cumberland County,* 223 N. C., 750, 28 S. E. (2d), 238; *R. R. v. Beaufort County,* 224 N. C., 115, 29 S. E. (2d), 201, and cases cited there.

The same is apparent even in the answers filed in these actions,—for the upkeep of the county buildings, the upkeep and maintenance of the county home for the aged and infirm, and the expense of holding courts, and maintenance of jail and jail prisoners are general expenses, and must be covered in the fifteen cents levy limited by the State Constitution, Article V, section 6, for general purposes. See *Power Co. v. Clay County,* 213 N. C., 698, 197 S. E., 603.

However, the expenses of the position of county accountant and of county farm agent, respectively, are held to be for special purposes, and have been given special approval of the Legislature. See *Power Co. v. Clay County, supra.*

Moreover, the General Assembly has declared that "the care and relief of aged persons who are in need and who are unable to provide for themselves is a legitimate obligation of government which cannot be ignored or avoided without injustice to such persons and serious detriment to the purposes of organized society" and is "a matter of State concern and necessary to promote the public health and welfare"—"Old Age Assistance Act," G. S., 108-17, *et seq.* In this act provision is made (1) for the creation of "The State Old Age Assistance Fund," G. S., 108-22, *et seq.,* (2) and for allocation to the several counties of the State an amount mandatorily required to be raised by each, by taxation, and contributed toward expense of administering the Fund. G. S., 108-38.

And in respect of the care and relief of dependent children who are in need and who are unable to provide for themselves, similar declaration as a matter of State concern and necessity is made. "Aid to Dependent Children Act," G. S., 108-44, *et seq.* In this act also, provision is made (1) for the creation of "The State Aid to Dependent Children Fund," G. S., 108-51, *et seq.,* and (2) for allocation to the several counties of the State an amount mandatorily required to be raised by each by taxation, and contributed toward expense of administering the Fund. G. S., 108-67.

It is noted, however, in connection with these acts that on this appeal the validity of the above mandatory requirements is not challenged.

The county levied in each year a tax rate of fifteen cents on the one hundred dollars property valuation for general purposes, the limit fixed by Article V, section 6, of the Constitution of North Carolina. Therefore, the levy for poor relief was limited to a rate of five cents on the one hundred dollars property valuation under provisions of G. S., 153-9 (6), formerly C. S., 1297 (8½). Hence, the levy of seven cents for "poor, etc.," nothing else appearing, exceeded the limit fixed by the statute to the extent of two cents.

However, we are of opinion, and hold, that the "corrected statement of the tax levy for 1941," and "the corrected statement of the tax levy

for the year 1942," entered of record on 3 December, 1945, by the Board of Commissioners of Duplin County, separating the five cents for "the poor" from the two cents rate to raise funds to meet the State's requirement for administration of the State Old Age Assistance Fund, and the State Aid to Dependent Children Fund, as per certificate from State Board of Allotments and Appeals, and toward salaries of county accountant and farm agent, *Power Co. v. Clay County, supra,* are sufficient to clarify *nunc pro tunc* the actions of the Board of Commissioners taken originally in adopting appropriations resolutions, and in levying the taxes for the years in question.

Boards of Commissioners are permitted to amend their records to speak the truth in cases where levies have been made for general and special purposes separately but recorded as a unit in an amount exceeding the constitutional limitation. However, if the record correctly shows the levy as actually made, the board has no power to amend. See *Power Co. v. Clay County, supra,* where the authorities are cited and assembled. Hence, when this principle is applied to the case in hand, it will be assumed, nothing else appearing, that "the corrected statements" entered by the Board of Commissioners on 3 December, 1945, are what they purport to be, corrections, in fact, and not original actions.

In the light of this holding, the motions for judgment as of nonsuit at the close of all the evidence should have been allowed.

It is not amiss, however, to call attention to the plain provisions of the County Fiscal Control Act, G. S., 153-114, *et seq.,* with respect to composition of county budget estimates, appropriation resolutions and tax levies that require that "each special purpose to which the General Assembly has given its special approval" shall be stated separately. If these provisions be followed, confusion such as is disclosed in the record on this appeal would be eliminated, and the expense of probable litigation avoided.

The judgment below is

Reversed.