STATE BOARD OF PUBLIC WELFARE; R. EUGENE BROWN, COMMISSIONER OF PUBLIC WELFARE; THE STATE BOARD OF ALLOTMENTS AND APPEAL, CONSISTING OF: HOWARD MANNING, CHAIRMAN OF THE STATE BOARD OF PUBLIC WELFARE; R. EUGENE BROWN, COMMISSIONER OF PUBLIC WELFARE, AND MRS. MYRA J. MITCHINER, DIRECTOR OF PUBLIC ASSISTANCE v. THE BOARD OF COMMISSIONERS OF SWAIN COUNTY.

(Filed 23 September, 1964.)

**1. Taxation § 20—**

The Federal statute exempting the area within an Indian Reservation from taxation is valid, since title to the property is vested in the United States and is held by it pursuant to a governmental function. 25 U.S.C.A. 331.

**2. Constitutional Law § 20; Indians—**

Indians residing in a reservation within the State are citizens of the United States, this State, and of the County in which the reservation is situate, and are entitled to equal benefit and protection of the laws. Fourteenth Amendment to the United States Constitution.

**3. Counties § 1; Social Security—**

The General Assembly has the power to impose the duty upon the counties to raise a part of the matching funds for Social Security payments. G.S. 108-23, G.S. 108-24.

**4. Same; Indians—**

The fact that a large part of a county consists of an Indian Reservation owned by the United States and exempt from taxation does not affect the duty of the county to pay its part of the matching funds for Social Security payments to Indians residing within its boundaries, there being no statutory provision impairing the rights of the Indians to benefits under the Social Security Act as implemented by statute in this State. G.S. 108-20, G.S. 108-47, G.S. 108-73.2, G.S. 108-73.18.

APPEAL by plaintiffs from *McLean, J.,* July-August 1964 Regular Session of SWAIN.

Plaintiffs seek by this action to compel Swain County to provide by taxation, or otherwise, funds necessary to defray its part of the Old Age Assistance, Aid to Dependent Children, Aid, to the Totally and

Permanently Disabled, and Medical Assistance programs for the citizens of that County as required by Article 3, Chapter 108 of the General Statutes.

Defendant, in its answer, says the County "stands ready and willing to impose and collect all taxes required by law to be collected from its taxpaying citizens, but defendant is advised and believes that it is illegal and unconstitutional for it to impose and collect taxes from its taxpaying citizens to provide welfare programs for citizens who are specifically exempt from taxation, and whose only claim to the benefit of tax funds from Swain County is that of geographical proximity." This assertion of non-liability is based on allegations that members of the Eastern Band of Cherokee Indians who live on the Cherokee Indian Reservation in Swain County "do not pay any taxes whatever to the County of Swain and are non-taxable citizens."

Swain County's portion of the welfare funds to be expended in the current year for the benefit of Indians residing on the Reservation amounts to $10,894.24.

Judge McLean, being of the opinion that Swain County could not be required to contribute to funds to be expended for the benefit of those residing on the Reservation, refused to require Swain County to make the payment. Plaintiffs excepted and appealed.

*Attorney General Bruton and Deputy Attorney General Moody for plaintiff appellants.*

*E. B. Whitaker and Robert Leatherwood, III, for defendant Swain County.*

RODMAN, J.  Congress in 1935 enacted what, in substance, is now C. 7, Title 42, U.S.C.A. That statute, popularly known as "The Social Security Act," contemplates appropriations by the Federal and State Governments to funds for use in aiding the impoverished who, because of age, youth, blindness or other specified handicap, are unable to make adequate provisions for their own needs. The statute imposes no obligations on the states to contribute. Each state has an election. Citizens of states which fail to contribute are not entitled to benefits.

The Federal Social Security Act requires participating states to submit plans to the Secretary of Health, Education and Welfare. 42 U.S.C.A. 301, 601, 1201, 1351. The plans submitted can not be approved unless they conform to minimum federal requirements. So far as here pertinent, the provisions for participation in the various funds are identical. For that reason, we refer only to the provisions for old age assistance. The plan can not be approved if it contains: "* * * Any

resident requirement which excludes any resident of the state who has resided therein five years during the nine years immediately preceding the application for old age. assistance and has resided therein continuously for one year immediately preceding the application; or * * * any citizenship requirement which excludes any citizen of the United States." 42 U.S.C.A. 302.

A substantial part of Swain County is an Indian Reservation, title to which is vested in the United States, for the benefit of members of the Eastern Band of Cherokee Indians of North Carolina, pursuant to the provisions of the Act of 4 June 1924, C. 253, 43 Stat. 376, incorporated as a note to 25 U.S.C.A. 331, pages 255 *et seq.* By the express provisions of that Act, the tribal property held in trust by the United States is exempt from taxation. This exemption is valid because the property is held by the United States in the exercise of a governmental function. *United States v. Wright,* 53 F. 2d 301. The property has the same status as a post office, a customs office, a government hospital, an army base or navy yard.

Members of the Eastern Band of Cherokee Indians residing on the Reservation are citizens of the United States and of Swain County, North Carolina. The contention that the Cherokee Indians are citizens of a foreign nation, and for that reason are not entitled to the benefit and protection of the laws of this State, is not well founded. The Fourteenth Amendment to the United States Constitution, sec. 1; *S. v. McAlhaney,* 220 N.C. 387, 17 S.E. 2d 352; *S. v. Wolf,* 145 N.C. 440, 59 S.E. 40; *Eastern Band of Cherokee Indians v. U. S.,* 117 U.S. 288, 29 L. Ed. 880, 6 S. Ct. 718; *U. S. v. Wong Kim Ark,* 169 U.S. 649, 42 L. Ed. 890, 18 S. Ct. 456; *Kawakita v. U. S.,* 343 U.S. 717, 96 L. Ed. 1249, 72 S. Ct. 950.

North Carolina "accepted and adopted" the provisions of the Federal Social Security Act in part in 1937, G.S. 108-20 and 108-47. Other portions were adopted in 1949, G.S. 108-73.2; and in 1963, G.S. 108-73.18. There is no provision in our statute which impairs the rights of a Cherokee Indian to the benefits created by the joint action of the State and Federal Governments.

When the legislature accepted the provisions of the Federal Social Security Act, it placed the burden of matching federal funds in part on the State and in part on the counties. G.S. 108-23 and G.S. 108-24. Similar provisions are made for State and county contributions to the other funds. The legislature had the power to impose this duty on the counties. *Martin v. Comrs. of Wake,* 208 N.C. 354, 180 S.E. 777; *Railroad v. Beaufort County,* 224 N.C. 115, 29 S.E. 2d 201; *R. R. v. Duplin County,* 226 N.C. 719, 40 S.E. 2d 371. The mere fact that some citi-

zens of Swain County, who receive payments from the welfare funds, reside on property which is exempt from taxation does not relieve Swain County from the burden imposed on it by the legislature. *Acosta v. San Diego County*, 272 P. 2d 92. That fact might warrant legislative relief but the decision is legislative — not judicial.

It should be noted that only the property held by the United States, and not that owned by Indians as individuals, is exempt from state taxation. *Thomas v. Gay*, 169 U.S. 264, 42 L. Ed. 740, 18 S. Ct. 340.

The amount which Swain County must contribute to the welfare funds is not in controversy. By express statutory language, G.S. 108-24, it was the duty of the Commissioners to pay Swain County's portion of the funds. The court erred in declining to order defendant to perform its duty.

Reversed.