Dr. C. A. ADAMS et al. Citizens and Taxpayers v. CITY OF DURHAM.

(Filed 4 March, 1925.)

**Municipal Corporations—Cities and Towns—Public Buildings—Public Purposes—Constitutional Law.**

The erection by a city of a public building with funds for the purpose on hand, for governmental offices, academy of music, public meetings, etc., if for a governmental purpose, and within the exercise of the discretionary powers conferred upon the governing body of the municipality, and where no further expense may be incurred such as to pledge the credit of the city, or therein impose an obligation upon it, there is no violation of our Constitution, Art. VII, sec. 7, C. S., 2673, 2786, 2787, (3), (4).

CIVIL ACTION to restrain the expenditure of certain moneys in the erection of a city auditorium, heard by consent and as on final hearing before *Cranmer, J.,* at Oxford, N. C., 17 November, 1924.

There was judgment dissolving the preliminary restraining order and dismissing the action, and plaintiffs excepted and appealed.

*R. H. Sykes for plaintiff.*
*S. C. Chambers for defendant.*

HOKE, C. J. From the facts properly presented at the hearing and deemed pertinent to the inquiry, it appears that the city of Durham has now on hand a fund amounting to $250,000.00, the proceeds of the sale of a city lot on which was erected a building used for city governmental offices, an academy of music, etc. The said fund consists of cash to the amount of $150,000.00 and the remainder of solvent and secured purchase-money notes payable in May, 1925. That the city owns a desirable lot, accessible and centrally located, on which they have constructed the governmental and administrative offices of the city, and on the remainder of said lot it is proposed and intended to erect with this $250,000.00 a public auditorium for the convenience of the city and its inhabitants and for the purpose of public meetings, school commencement exercises, lectures, and "incidentally for operas and dramatic performances, etc." And on these facts we can see no valid objection to the proposed expenditure.

The power of the city authorities to make the sale of the former lot has been directly approved by this Court in *Harris v. Durham,* 185 N. C., p. 571. The erection of a public auditorium, while it may not be a necessary expense, is to our minds undoubtedly a public purpose, and it has been so directly held in well considered cases on the subject. *Wheelock v. City of Lowell,* 196 Mass., p. 220; *Denver v. Hallett,* 34 Colo., p. 393. And the city authorities having funds already on hand, clearly have the right to erect such a building in the exercise of the

powers conferred upon them both by the general law and provisions of the charter applicable. C. S., secs. 2673, 2786 and 2787, subsecs. 3 and 4.

The only objection seriously urged against the proposed measure is that the same would be in violation of Article VII, sec. 7 of the Constitution, which provides that no county, city, town or other municipal corporation shall contract any debt or loan its credit except for necessary expenses, unless sanctioned by the popular vote. But this provision, in our opinion, has no application to the facts of this record, where, as stated, the funds to be applied are already on hand and the proposed expenditure will impose no further liability on the municipality, nor involve the imposition of further taxation upon it. *Brockenbrough v. Comrs.,* 134 N. C., p. 12; *Gardner v. New Bern,* 98 N. C., p. 231; *Sackett v. New Albany,* 88 Ind., p. 473.

In recognition of the Constitutional inhibition, however, any contract for the erection of the auditorium shall be so drawn that only the said fund of $250,000.00 may be used for the purpose and in no event shall further liability be imposed on the city and its inhabitants in favor of any builder, contractor, or others engaged in the work. So construed, the judgment of his Honor dissolving the restraining order and dismissing the action is

Affirmed.