Ellen Fitzgerald by her last will and testament devised her "residence lot and dwelling and buildings thereon" to the city of Monroe for the "purpose of providing a hospital for the sick and diseased, and others requiring surgical or medical attention."
On 1 July, 1925, the city of Monroe entered into a contract with Dr. A. F. Mahoney by the terms of which Dr. Mahoney was to take charge of and run said hospital in such manner as he should see fit, and he was to be responsible for all debts incurred for the operation of the hospital, and to keep all bills promptly paid. It was thought desirable to have the management of the hospital changed in order to obtain certain benefits from the Duke Foundation. On 26 April, 1929, Dr. Mahoney appeared before the board of aldermen, requesting that the hospital equipment owned by him be purchased by the city and county for the sum of $10,000, provided the city would pay $5,000 and the county $5,000. The record discloses that the board of aldermen at various meetings declined to enter into the arrangement until 10 July, 1929. On said date the board of aldermen passed the following resolution:
"Be it ordained by the board of aldermen of the city of Monroe:
That the city of Monroe borrow from the First National Bank of Monroe, N.C. the sum of $5,000, to be due and payable on 10 October, 1929, at the rate of six per cent per annum. That said note be executed by the mayor of the city of Monroe, and by the clerk of the city of Monroe, in the name of the city of Monroe and the corporate seal of the municipality be affixed to said note.
That the proceeds from said loan be turned over to the business manager of the Ellen Fitzgerald Hospital in accordance with resolution heretofore passed in regard to said donation and hospital. *Page 307 
That said money is borrowed in anticipation of the collection of the taxes and revenues of the city of Monroe for the year 1929, and that said appropriations be included in the annual budget and sufficient rate levied to take care of said appropriation.
This 10 July, 1929."
Contemporaneously with the passage of said resolution Dr. Mahoney executed and delivered to the city of Monroe a bill of sale for certain equipment and supplies belonging to him and used by him in the operation of the hospital. The bill of sale recited a consideration of $5,000 and other consideration.
Pursuant to said resolution the city executed and delivered, on 11 July, 1929, to the First National Bank of Monroe its negotiable note in the sum of $5,000. Thereafter, on 12 July, an action was brought by the plaintiff to restrain the payment of said note and to restrain the city of Monroe from including the amount thereof in the budget of said city.
The defendants filed an answer contending that said note was valid and setting out in detail the benefits which accrued to the community by reason of the operation of said hospital.
Upon the hearing the trial judge was of the opinion that the defendants had no power or authority to incur the indebtedness in controversy or to execute the note referred to in the pleadings, or to include such note in the budget for the fiscal year or to levy any tax for the payment of same. Thereupon it was adjudged that the injunction theretofore issued in the cause be continued to the hearing. It was further adjudged that the city of Monroe be restrained "from the payment of said note or any part thereof out of the funds of the city."
From judgment, so rendered, the defendant appealed.
The maintenance of a municipal hospital is not a necessary governmental expense. Armstrong v. Commissioners, 185 N.C. 405, 117 S.E. 388.
Moreover, "for purposes other than necessary expenses a tax cannot be levied within or in excess of the constitutional limitation except by a vote of the people under special legislative authority." Henderson v.Wilmington, 191 N.C. 269, 132 S.E. 25; Tate v. Commissioners, 122 N.C. 812,30 S.E. 352.
Undoubtedly, if the city of Monroe had the money in its treasury, it could purchase equipment for its hospital. Adams v. Durham, 189 N.C. 232,126 S.E. 611; Henderson v. Wilmington, supra. But the city of Monroe did not have such funds in hand and undertook to pledge *Page 308 
the faith and credit of the city in order to obtain the money. This cannot be done except in accordance with the methods provided by law.
It appears from the judgment that the city was restrained from paying the note now held by the First National Bank of Monroe. The bank was not a party to the action, and this portion of the judgment must be stricken out. Otherwise the judgment is correct.
Modified and affirmed.