J. E. BURLESON ET AL. v. THE BOARD OF ALDERMEN OF THE TOWN OF SPRUCE PINE ET AL.

(Filed 19 December, 1930.)

1. **Municipal Corporations K a—C. S., 2937 authorizes a city to issue bonds for public hospital with approval of voters.**

    While an incorporated town may not issue valid bonds for the erection and maintenance of a public hospital with the approval of its voters without statutory authority, this authority is conferred by C. S., 2796, 2937, and where a proposed issuance of such bonds had been authorized by ordinance under the provisions of C. S., 2938, and approved by the voters according to the provisions of C. S., 2948, and the other statutes relevant have been duly followed, the bonds so issued are a valid obligation of the town issuing them, and their issuance will not be enjoined by the courts, C. S., 7255, not applying to the facts of this case.

2. **Same—Right of cities to issue bonds in general.**

    A municipality may issue valid bonds for its necessary expenses without the approval of its voters within the constitutional limitation in the absence of statutory authority, and with statutory authority and the approval of its voters it may issue bonds in excess of this limitation. Const., Art. VII, sec. 7, construed with Art. V, sec. 6.

APPEAL by plaintiffs from *Harding, J.,* at Chambers 25 June, 1930. From MITCHELL. Affirmed.

This is an action by plaintiffs, residents and taxpayers of the town of Spruce Pine, N. C., to restrain and enjoin the defendants, the board

of aldermen and mayor of said town, from issuing, selling or disposing of bonds of said town of Spruce Pine, for the purpose of raising money to defray the expense of constructing, maintaining and operating a public hospital in said town, and from levying and collecting, annually, sufficient taxes to pay the principal and interest on said bonds, as the same shall become due.

On 7 January, 1930, an ordinance was adopted by the governing body of the town of Spruce Pine, a municipal corporation existing under the laws of this State, authorizing the issuance of the negotiable coupon bonds of said town, in the maximum aggregate principal amount of $35,000, for the purpose of raising money for the construction, maintenance and operation of a public hospital in said town, and ordering the levy and collection of a tax, annually, sufficient to pay the principal and interest of said bonds as the same shall become due. A statement of the debt of said town, signed and verified by the oath of its treasurer, showing that its net debt, including the amount of the bonds authorized by said ordinance, was $89,478.41, and that the assessed value of taxable property in said town was $1,361,453, was filed with its clerk, and was open for inspection. The said net debt, as shown by said statement, is 6.5 per cent of the said valuation. It was provided in said ordinance that the same should take effect when approved by the qualified voters of said town at an election to be held for that purpose, as provided in the Municipal Finance Act.

Thereafter, a special election was held in the town of Spruce Pine, on 4 March, 1930, pursuant to a resolution adopted by the governing body of said town, and after publication of the notices required by statute. The total number of voters registered for said election was 486; of these, 255 voted ballots, on which were written or printed the words: "For ordinance authorizing $35,000 bonds for hospital and a tax therefor." This election was regular in all respects, and the result was duly declared, and recorded as required by statute.

All requirements of the Municipal Finance Act, relative to the adoption of said ordinance, the passing of the resolution for, and the notices of said election, were fully complied with. The defendants, the board of aldermen and the mayor of the town of Spruce Pine, unless restrained and enjoined from so doing by judgment in this action, which was begun on 3 April, 1930, will issue, sell and dispose of the bonds of said town of Spruce Pine, in the sum of $35,000, and apply the proceeds of said bonds in constructing, maintaining and operating a public hospital in said town.

Upon the foregoing facts as found by the judge at the hearing of a motion that a temporary restraining order issued in this action be dissolved, it was considered, ordered and adjudged, that said temporary

restraining order be and the same was dissolved; it was further ordered and adjudged that the said bonds in the sum of $35,000, when issued and delivered, will constitute a legal and binding obligation of the town of Spruce Pine.

Plaintiffs excepted to the judgment and appealed therefrom to the Supreme Court.

*Charles Hutchins for plaintiffs.*
*McBee & McBee and W. C. Berry for defendants.*

CONNOR, J.   The findings of fact on which the judgment in this action was rendered were made by the judge from admissions in the pleadings, and from the official minutes of the town of Spruce Pine. There were no exceptions to these findings.   The only exception on which plaintiffs assign error on their appeal to this Court, was to the judgment.   Their contention upon this assignment of error is that the bonds which the defendants propose to issue and to sell were not a binding and legal obligation of the town of Spruce Pine, for the reasons: (1) that said bonds are not for a necessary expense within the meaning of Article VII, section 7 of the Constitution of North Carolina; (2) that the only legislative authority for the issuance of bonds by a municipal corporation for the purpose of constructing, maintaining and operating a public hospital is C. S., 7255; and (3) that the provisions of C. S., 7255, with respect to the issuance of bonds and the levy and collection of a tax, by a municipal corporation, for the purpose of constructing, maintaining and operating a public hospital have not been complied with in the instant case.   For these reasons, plaintiffs contend that said bonds will not be a binding and legal obligation of the town of Spruce Pine, for the payment of which defendants will be authorized to levy and collect a tax, annually, notwithstanding their issuance has been approved by a majority of the qualified voters of said town.

It is conceded by defendants that the provisions of C. S., 7255, have not been complied with in the instant case.   They contend, however, that the bonds which they propose to issue and to sell are authorized by C. S., 2796, and C. S., 2937; that the provisions of these statutes have been complied with, and that the issuance of said bonds, and the levy and collection of a tax, annually, for the payment of said bonds as they shall become due, was approved by a majority of the qualified voters of the town of Spruce Pine at an election duly called and held in accordance with the provisions of C. S., 2948.

In *Armstrong v. Commissioners,* 185 N. C., 405, 117 S. E., 388, the defendants insisted on their appeal to this Court that a public hospital should be considered a necessary expense of a municipal corporation,

and that for this reason bonds issued by the defendants in that case for the purpose of constructing, maintaining and operating a public hospital would be valid, although not issued in compliance with the provisions of Article VII, sec. 7, Constitution of North Carolina. In the opinion in that case, it is said: "We cannot so hold." In the instant case, therefore, the bonds will not be valid, unless their issuance was authorized by the General Assembly and approved by a majority of the qualified voters of the town of Spruce Pine. *Henderson v. City of Wilmington,* 191 N. C., 269, 132 S. E., 25, and cases there cited. In that case, speaking of Article VII, section 7, Constitution of North Carolina, it is said: "In analyzing and construing this section in its relation to the sixth section of Article V, the Court has held: (1) that for necessary expenses the municipal authorities may levy a tax up to the constitutional limitation without a vote of the people and without legislative permission; (2) that for necessary expenses they may exceed the constitutional limitation by legislative authority, without a vote of the people; and (3) that for purposes other than necessary expenses a tax cannot be levied either within or in excess of the constitutional limitation except by a vote of the people under special legislative authority." This is a clear and accurate statement of the principles of constitutional law applicable to municipal taxation in this State.

In the instant case, the issuance of the bonds and the levy and collection of the tax was approved by the people of the town of Spruce Pine—that is, by a majority of the qualified voters of said town. The bonds are, therefore, valid, if their issuance was authorized by statute duly enacted by the General Assembly.

C. S., 2796, provides that the governing body of a city or town may acquire, establish and maintain a hospital or hospitals. Under the authority of *Adams v. City of Durham,* 189 N. C., 232, 126 S. E., 611, it may apply for that purpose funds already on hand in the treasury of the city or town; it cannot, however, raise money for that purpose by issuing the bonds of the city or town, or by levying and collecting taxes, without legislative authority and without the approval of a majority of the qualified voters of said city or town, at an election duly called and held therein.

C. S., 2937, provides that a municipality may issue its negotiable bonds for any purpose or purposes for which it may raise or appropriate money, except for current expenses. As a municipal corporation may appropriate money for the purpose of acquiring, establishing and maintaining a hospital, it may issue its bonds, and levy and collect taxes, for that purpose, with the approval of a majority of the qualified voters of the corporation. The requisite legislative authority is conferred by this statute.

In the instant case, the bonds were authorized by an ordinance duly adopted by the board of aldermen of the town of Spruce Pine, in accordance with the provisions of C. S., 2938. The election at which a majority of the qualified voters of said town approved the issuance of the bonds and the levy and collection of the tax authorized by the ordinance was duly called and held in accordance with the provisions of C. S., 2948.

C. S., 7255, is not applicable to the bonds which defendants in the instant case propose to issue and to sell. Noncompliance with its provisions does not affect the validity of said bonds. There was statutory authority for the issuance of the bonds as well as popular approval, as required by the Constitution of this State. There is no error in the judgment.

Affirmed.