CONNOR, J., concurring.
BARNHILL, J., dissenting.
CLARKSON, J., concurs in dissenting opinion.
Action for injunction against issuance of county bonds to build annex to county hospital. *Page 285 
Bonds are proposed to be issued under the following resolution: "Be it ordered by the board of county commissioners of the county of Haywood as follows: (1) For the purpose of constructing an addition to the county hospital, which shall be used principally for the care of indigent sick and afflicted poor of the county, bonds of the county shall be issued to the aggregate amount of $30,000. (2) A tax sufficient to pay the principal and interest of the bonds when due shall be annually levied and collected. (3) A statement of the county debts has been filed with the clerk and is open to public inspection. (4) This order shall take effect 30 days after the first publication thereof after final passage unless in the meantime a petition for its submission to the voters is filed under the County Finance Act, and in such event it shall take effect when approved by the voters of the county at an election, as provided in the said act."
The time for filing petition for an election on the issuance of the bonds has expired and no petition has been filed. Defendants were about to issue the bonds when restrained in this action. On hearing below, parties agreed that the court might find the facts. The court found, among other things, in substance that: About 1927 the county of Haywood, pursuant to Art. II, ch. 119, of the Consolidated Statutes of North Carolina entitled "Municipal Hospitals," after an election as therein provided, and upon approval of a majority of the qualified voters of the county, issued and sold bonds of the county for the purpose of building and did build a county hospital "for the care of the sick of the county and others who might be brought for treatment." The hospital, at the time of its erection, was deemed and considered adequate for the needs. The county has been able to maintain said hospital under proper standards, but the patronage thereof has grown and increased until the hospital is now inadequate and insufficient to care for many patients brought in, and in particular for the indigent sick of Haywood County. The hospital has a normal capacity of 55 beds with emergency capacity of 65 beds. In 1936 of 26,644 patient days, 19,473 received contribution from private indigent fund. It has become necessary to enlarge the hospital by building an annex which is contemplated to be "used principally for the care of indigent sick and afflicted poor of the county." Thereupon the court adjudged that "the proposed issuance of bonds and the levying of a tax by the defendants, as hereinbefore set out, is a necessary expense and not in violation of Art. VII, sec. 7, of the Constitution of North Carolina, or other provision of the Constitution or statutes of the State." Motion for restraining order against the issuance of bonds and levying of taxes as proposed was denied.
From adverse judgment plaintiffs appealed to the Supreme Court and assigned error. *Page 286 
The question: Is the building of annex to county hospital a necessary expense within the meaning of Art. VII, sec. 7, of the Constitution of North Carolina? The answer is "No."
Art. VII, sec. 7, reads: "No county, city, town or other municipal corporation shall contract any debt, pledge its faith or loan its credit, nor shall any tax be levied or collected by any officers of the same except for the necessary expenses thereof, unless by a vote of the majority of the qualified voters therein."
What are necessary expenses is a question for judicial determination. The judicial decisions in this State uniformly so hold. "The courts determine what class of expenditures made or to be made by a municipal corporation come under the definition of `necessary expense.' The governing authorities of the municipal corporations are vested with the power to determine when they are needed. . . . That is to say, the courts determine whether a given project is a necessary expense of a municipality, but the governing authorities of the municipality determine in their discretion whether such given project is a necessary or needed in the designated locality." Starmount Co. v. Hamilton Lakes, 205 N.C. 514, 171 S.E. 909;Black v. Comrs., 129 N.C. 121, 39 S.E. 818; Fawcett v. Mt. Airy,134 N.C. 125, 45 S.E. 1029; Storm v. Wrightsville Beach,189 N.C. 681, 128 S.E. 17; Henderson v. Wilmington, 191 N.C. 269,132 S.E. 25.
In defining "necessary expense" it is said in Henderson v. Wilmington,supra, "We derive practically no aid from the cases decided in other states. . . . We must rely upon our own decisions." Then, after reviewing numerous cases dealing with the subject of "necessary expense," page 278,Adams, J., said: "The cases declaring certain expenses to be necessary refer to some phase of municipal government. This Court, so far as we are advised, has given no decision to the contrary." Then, on page 279, continues: "The decisions heretofore rendered by the Court make the test of a `necessary expense' the purpose for which the expense is to be incurred. If the purpose is the maintenance of the public peace or the administration of justice; if it partakes of a governmental nature or purports to be an exercise by the city of a portion of the State's delegated sovereignty; if, in brief, it involves a necessary governmental expense."
This Court has repeatedly held that the building, maintenance, and operation of public hospitals is not a "necessary expense."
In Armstrong v. Comrs., 185 N.C. 405, 117 S.E. 388, speaking to the question of erecting a tubercular hospital for Gaston County, Mr. *Page 287 Justice Hoke said: "Appellants insist further that a hospital of this character should be considered a necessary expense, and so comes directly within the purview and effect of the cases cited, but we cannot so hold."
In Nash v. Monroe, 198 N.C. 306, 151 S.E. 634, a "residence lot and dwellings and buildings thereon" had been given to the city of Monroe for the "purpose of providing a hospital for the sick and diseased and others requiring surgical or medical attention." The city had contracted the operation of the hospital to a private physician. Then, in order to obtain certain benefits from the Duke Foundation, it was proposed that the management of the hospital should be changed, and that the city and county should buy the physician's equipment for operating the hospital. The city borrowed $5,000 and gave its note for that purpose in anticipation of collection of taxes. Speaking to the question of validity of the note and the levy of the tax, Mr. Justice Brogden, for the Court, said: "The maintenance of a municipal hospital is not a necessary governmental expense. . . . Moreover, `for purposes other than necessary expenses a tax cannot be levied within or in excess of the constitutional limitation except by a vote of the people under special legislative authority.' The city of Monroe . . . undertook to pledge the faith and credit of the city in order to obtain the money. This cannot be done except in accordance with methods provided by law."
In Burleson v. Spruce Pine, 200 N.C. 30, 156 S.E. 241, plaintiff sought to enjoin a bond issue under the Municipal Finance Act for the purpose of "constructing, maintaining, and operating a public hospital" in the town of Spruce Pine, after the question had been submitted to and approved by the qualified voters of the town, for the reason, among others, that said bonds are not for necessary expenses within the meaning of Art. VII, sec. 7, of the Constitution. After citing the opinion in the Armstrongcase, supra, Mr. Justice Connor stated: "In the instant case, therefore, the bonds will not be valid, unless their issuance was authorized by the General Assembly and approved by a majority of the qualified voters of the town of Spruce Pine. Henderson v. City of Wilmington, 191 N.C. 269,132 S.E. 25, and cases there cited. In that case, speaking of Art. VII, sec. 7, Constitution of North Carolina, it is said: `In analyzing and construing this section in its relation to the sixth section of Art. V, the court has held: (1) That for necessary expenses the municipal authorities may levy a tax up to the constitutional limitation without a vote of the people and without legislative permission; (2) that for necessary expenses they may exceed the constitutional limitation by legislative authority, without a vote of the people, and (3) that for purposes other than necessary expenses a tax cannot be levied either within or in excess of the constitutional limitation except by a vote of the people under special legislative authority.' This is a clear and *Page 288 
accurate statement of the principles of constitutional law applicable to municipal taxation in this State.
"In the instant case, the issuance of bonds and the levy and collection of the tax was approved by the people of the town of Spruce Pine — that is, by a majority of the qualified voters of said town. The bonds are, therefore, valid, if their issuance was authorized by statute duly enacted by the General Assembly."
It is significant to note that: (1) The resolution in question expresses as the purpose of the bond issue: "Constructing an addition to the county hospital, which shall be used principally for the care of indigent sick and afflicted poor of the county," and (2) in the contention that the present county hospital is over-crowded, only about 70 per cent of the use of the hospital in 1936 is classified as for indigent patients. "Taxes shall be levied only for public purposes." Art. V, sec. 3, North Carolina Constitution. This is a fundamental principle in the law of taxation.
In Ketchie v. Hedrick, 186 N.C. 392, 119 S.E. 767, the Court states: "The limitation of the Constitution is very wise. . . . It restricts taxation to necessary governmental purposes, except when a purpose outside this sphere has secured a majority of the registered voters authorizing taxation to be levied for such purpose."
Defendants rely upon the cases of Martin v. Comrs. of Wake County,208 N.C. 354, 180 S.E. 777, and Martin v. Raleigh, 208 N.C. 369,180 S.E. 786. These cases relate to the construction of a special act of the Legislature, authorizing the board of county commissioners in those counties to which the act is applicable to contract for provision for medical treatment and hospitalization of the sick and afflicted poor of the county. It is sufficient to note that this act does not apply to Haywood County, the defendant in the instant case. It was specifically exempted.
Judgment of the court below is
Reversed.