N. H. GILL, ON BEHALF OF HIMSELF AND OTHER TAXPAYERS OF THE CITY OF CHARLOTTE WHO MAY DESIRE TO JOIN WITH HIM, v. CITY OF CHARLOTTE ET AL.

(Filed 2 March, 1938.)

Taxation § 3—All bonds issued by city, whether with or without vote, must be included in determining amount of bonds issued during year.

A municipality may not issue bonds for street and sewerage construction or extension without a vote when, during the fiscal year, such city has issued bonds with the approval of the voters in excess of the amount by which it had reduced its outstanding indebtedness during the prior fiscal year, N. C. Constitution, Art. V, sec. 4, the purpose of the amendment being to limit the existing power of the governing authorities to issue bonds for necessary expenses so that the net indebtedness of the taxing unit should not be increased beyond the limits prescribed in the amendment, except with the approval of its voters.

APPEAL by plaintiff from *Warlick, J.,* at November Term, 1937, of MECKLENBURG. Reversed.

This is a civil action instituted by the plaintiff on behalf of himself and other taxpayers of the city of Charlotte, in which he seeks to enjoin the issuance of $210,000 of bonds of the city of Charlotte for constructing and reconstructing the surface of roads, streets and highways, sidewalks, curbs, gutters and drains, and $20,000 for the purpose of extending the existing sanitary sewerage system of said city, which the gov-

erning authorities of the city of Charlotte, under ordinances adopted by them, propose to issue without a vote of the electors of said city.

The total bonded indebtedness of the city of Charlotte amounts to $9,712,000. During the fiscal year ending 30 June, 1937, said city reduced its bonded indebtedness by the sum of $441,631.34. During the present fiscal year it has issued bonds in the sum of $1,300,000 for the improvement and enlargement of the waterworks system of Charlotte. This bond issue was approved by a vote of the electors of the city. The court below concluded that the waterworks bonds, having been submitted to and approved by a vote of the people, are not to be considered in computing the debt contracting power of the city of Charlotte, as provided by amended Art. V, sec. 4, of the Constitution of North Carolina, and entered judgment denying the plaintiff injunctive relief. The plaintiff excepted and appealed.

*J. L. DeLaney for plaintiff, appellant.*
*Basil M. Boyd for defendants, appellees.*

BARNHILL, J. There is a controversy between the parties to this action as to the amount by which the bonded indebtedness of the city of Charlotte was reduced during the preceding fiscal year ending 30 June, 1937. The court below, upon a consideration of the cause, concluded that the amount of the reduction was $441,631.34, which was the amount contended for by the defendant. The plaintiff contends that the net reduction was $241,646.41. It is unnecessary for us to review the findings of the court below in this respect or to determine the exact amount of the reduction of the bonded indebtedness of the defendant city during the preceding fiscal year. For the purpose of determining the legal question presented to us we may accept the amount claimed by the defendant. In the event bonds approved by the people at an election called and held for that purpose and issued by the city of Charlotte are to be included in determining the debt contracting power of the governing authorities of the defendant, under the restrictions imposed by Art. V, sec. 4, of the Constitution, then the proposed bonds exceed the permitted limitation and cannot be issued without a vote of the people. This question has heretofore been determined by this Court in *Hallyburton v. Board of Education, ante,* 9, in which it is said: "So that now, local units may create debts and issue their bonds for necessary expenses without a vote of the people and without special approval of the Legislature: *Provided,* that by so doing, taxes in excess of the limitations provided in Art. V, sec. 6, are not required; and *provided further,* that the total amount of such bonds and such other bonds as may have been issued during that particular fiscal year do not exceed two-thirds of the total amount by which the public debt of the unit was

6—213

decreased during the preceding fiscal year. Such local unit may exceed the constitutional limitation on the taxing power by legislative authority without the approval of the voters, provided the total amount of bonds issued by such unit during any fiscal year does not exceed two-thirds of the amount by which the debt of the unit was decreased during the preceding fiscal year. In determining the total amount of bonds issued during any fiscal year all bonds so issued, whether approved by a vote of the people or not, must be included : except bonds issued to fund or refund a valid existing debt; tax anticipation notes issued in an amount not exceeding fifty per centum of the taxes for the fiscal year; bonds to supply a casual deficit, and bonds issued to suppress riots or insurrections, or to repel invasions, which need not be taken in consideration in arriving at such total." This decision is controlling. The city of Charlotte having, during the present fiscal year, issued bonds in excess of two-thirds of the amount by which its bonded indebtedness was reduced during the preceding fiscal year, the governing authorities of said city are without authority to issue any bonds during the present fiscal year, except for one or more of the four purposes enumerated in the amendment, without a vote of the people.

The governing authorities of local units have never had authority to issue bonds without a vote of the people except for necessary expenses. The purpose of Art. V, sec. 4, of the Constitution, as it presently exists, therefore, is to limit the authority of the governing boards of local units in the exercise of the power they have heretofore possessed to issue bonds for necessary expenses without first submitting the question to a vote of the people of the unit, and to give assurance to the people of such units that the bonded indebtedness of the unit shall not be increased beyond the limits prescribed in the amendment until and unless they approve such bonds.

There was error in the judgment below. The plaintiff is entitled to a permanent injunction.

Reversed.