### T. G. SESSIONS ET AL. v. COLUMBUS COUNTY.

(Filed 4 January, 1939.)

1. **Taxation § 3b—Election on bond issue under Art. V, sec. 4, is required to be carried only by majority of voters voting therein.**

    When a proposed bond issue is in excess of two-thirds of the amount by which the issuing county reduced its outstanding indebtedness during the prior fiscal year, the question must be submitted to a vote and issuance approved by a majority of the voters who shall vote thereon regardless of the purpose of the bonds, unless the purpose is within the specific exceptions enumerated in Art. V, sec. 4.

2. **Taxation § 4—**

    Bonds for expenses other than necessary expenses must be approved by a majority of the qualified voters of the taxing unit proposing to issue the bonds, and not merely a majority on the voters voting in the election. Art. VII, sec. 7.

**3. Same—**

A county may levy taxes for necessary expenses within the limitation fixed in Art. V, sec. 6, without a vote or special legislative approval.

**4. Same: Taxation § 3a—**

A county may levy taxes for necessary expenses in excess of the limitation fixed in Art. V, sec. 6, without a vote when the levy is also for a special purpose with the special approval of the Legislature.

**5. Same—**

A county may not levy a tax for a purpose other than a necessary expense, whether special or general, either within or in excess of the limitation fixed by Art. V, sec. 6, except by a vote of the people under special legislative authority. Art. VII, sec. 7.

**6. Taxation § 4—Art. V, sec. 4, and Art. VII, sec. 7, are not in conflict, and in apposite instances both are applicable.**

A proposed bond issue which is not only in excess of the amount by which the county reduced its outstanding indebtedness during the prior fiscal year, but also for a purpose other than a necessary expense, must be approved not only by the majority of voters voting in the election under the provisions of Art. V, sec. 4, but also by a majority of the qualified voters of the county under the provisions of Art. VII, sec. 7, there being no conflict between the constitutional provisions, and both being applicable.

**7. Constitutional Law § 3—**

Reconciliation between germane constitutional provisions is a postulate of constitutional as well as statutory construction.

**8. Taxation § 4—**

Finding and conclusion of trial court that hospital is not a necessary expense of defendant county affirmed on authority of *Palmer v. Haywood County*, 212 N. C., 284.

**9. Taxation § 38a—**

The requirement of the County Finance Act, ch. 81, sec. 20, Public Laws of 1927, that actions to restrain issuance of bonds by counties must be instituted within 30 days of the first publication of notice of the adoption of the bond resolution, does not apply when the proposed bond issue contravenes the Constitution.

**10. Statutes § 5b—**

Statutory requirements, in all events, must be made to square with the provisions of the organic law, or else disregarded.

Appeal by defendant from *Cranmer, J.,* at November Term, 1938, of Columbus.

Civil action to restrain the issuance of certain proposed bonds.

The facts are these:

1. On 23 August, 1938, the board of commissioners of Columbus County, at a regular public meeting, adopted the following resolution:

SESSIONS *v.* COLUMBUS COUNTY.

"RESOLUTION AUTHORIZING $55,000 COUNTY HOSPITAL BONDS.

"Whereas, it is deemed advisable to construct a County Hospital, and it is expected that the county will receive a grant from the Federal Emergency Administration of Public Works, for paying a portion of the costs thereof; and

"Whereas, it is necessary to issue bonds to pay the balance of such cost:

"Now, therefore, be it ordered by the Board of Commissioners of the County of Columbus:

"Section 1. That the County of Columbus issue its bonds pursuant to law of the State controlling said bond issue, in an amount not to exceed $55,000, for the purpose of constructing a County Hospital.

"Section 2. That a tax sufficient to pay the principal and interest of said bonds shall be annually levied and collected.

"Section 3. That a statement of the debt of the said county has been filed with the clerk and is open to public inspection.

"Section 4. That this resolution shall take effect when approved by the voters of the County of Columbus at an election as provided by law."

2. Pursuant to the above resolution, a special election was duly held in Columbus County on 26 September, 1938, and out of the total number of 14,900 registered and qualified voters eligible to vote therein, 2,831 cast their ballots in favor of the resolution, and 1,007 voted against it.

3. Thereafter, on 28 September, the board of commissioners declared that said resolution had been duly approved as provided in section 4 thereof and caused the results to be published in the *News Reporter* on the following day. They propose to issue the bonds in accordance with said resolution and for the purpose designated.

4. It is admitted that the amount of the proposed bonds is in excess of two-thirds of the amount by which the outstanding indebtedness of the county was reduced during the preceding fiscal year ending 30 June, 1938.

5. This suit was instituted 30 November to restrain the issuance of said proposed bonds.

From the evidence submitted, the court found (1) that the proposed hospital was not a necessary expense of the county within the meaning of Art. VII, sec. 7, of the Constitution, and (2) that the resolution submitted to the voters of the county in the special election was not carried by a majority of the qualified voters registered therein; whereupon the prayer of the plaintiff was granted and the proposed issuance of the bonds restrained.

The defendant appeals, assigning errors.

*Joe W. Brown for plaintiff, appellee.*
*Greer & Greer for defendant, appellant.*

Stacy, C. J.    It is conceded that as the amount of the proposed bonds is in excess of two-thirds of the amount by which the outstanding indebtedness of the county was reduced during the preceding fiscal year ending 30 June, 1938, the bonds in question may not be issued under Art. V, sec. 4, of the Constitution without a vote of the people and unless "approved by a majority of those who shall vote thereon." *Gill v. Charlotte,* 213 N. C., 160, 195 S. E., 368.  It is further conceded that in the circumstances this approval was necessary regardless of the purpose for which the bonds were to be used, unless the purpose was: (1) To fund or refund a valid existing debt; (2) to borrow in anticipation of the collection of taxes due and payable within the fiscal year to an amount not exceeding fifty per centum of such taxes; (3) to supply a casual deficit; (4) to suppress riots or insurrections, or to repel invasions.  *Hallyburton v. Board of Education,* 213 N. C., 9, 195 S. E., 21.

The defendant alleges, and the plaintiff admits, that the requirements of Art. V, sec. 4, of the Constitution have been met in the instant case. They join issue on whether Art. VII, sec. 7, which requires a favorable "vote of the majority of the qualified voters," except for necessary expenses, is also applicable.   We think it is.   *Hallyburton v. Board of Education, supra.*

It is provided by Art. VII, sec. 7, of the Constitution that "No county, city, town, or other municipal corporation shall contract any debt, pledge its faith, or loan its credit  .  .  .  except for the necessary expenses thereof, unless by a vote of the majority of the qualified voters therein."

It is further provided in Art. V, sec. 6, of the Constitution that "The total of the State and county tax on property shall not exceed fifteen cents on the one hundred dollars value of the property, except when the county property tax is levied for a special purpose and with the special approval of the General Assembly."

It is established by the authoritative decisions interpreting these sections:

1. That within the limitations fixed in Article V, section 6, the county commissioners of the several counties may levy taxes for the "necessary expenses" of the county without a vote of the people or special legislative approval.   *Glenn v. Comrs.,* 201 N. C., 233, 159 S. E., 439.

2. That for a special purpose and with the special approval of the General Assembly the county commissioners of the several counties may exceed the limitations set out in Article V, section 6, without a vote of the people: Provided, the special purpose so approved by the General

Assembly is for a necessary expense of the county. *R. R. v. Lenoir County,* 200 N. C., 494, 157 S. E., 610.

3. That for a purpose other than a necessary expense, whether special or general, a tax may not be levied by the commissioners of any county, either within or in excess of the limitations fixed in Article V, section 6, except by a vote of the people under special legislative authority. *R. R. v. Comrs.,* 148 N. C., 220, 61 S. E., 690.

Summing up the decisions in *Henderson v. Wilmington,* 191 N. C., 269, 132 S. E., 25, *Adams, J.,* speaking for the Court, said: "(1) That for necessary expenses the municipal authorities may levy a tax up to the constitutional limitation without a vote of the people and without legislative permission; (2) that for necessary expenses they may exceed the constitutional limitation by legislative authority, without a vote of the people; (3) that for purposes other than necessary expenses a tax cannot be levied either within or in excess of the constitutional limitation except by a vote of the people under special legislative authority," citing *Herring v. Dixon,* 122 N. C., 420; *Tate v. Comrs., ibid.,* 812.

There is no conflict between Art. V, sec. 4, and Art. VII, sec. 7, of the Constitution. *Twining v. Wilmington, post,* 655. Both must stand and each be given its proper significance and meaning. Reconciliation is a postulate of constitutional as well as of statutory construction. *Parvin v. Comrs.,* 177 N. C., 508, 99 S. E., 432. This harmonization is clearly recognized in the County Finance Act, ch. 81, Public Laws 1927, sec. 22, where it is provided: "If a bond order provides for the issuance of bonds for a purpose other than the payment of necessary expenses of the county, the approval of the qualified voters of the county, as required by the Constitution of North Carolina, shall be necessary in order to make the order operative. If, however, the bonds are to be issued for necessary expenses, the affirmative vote of the majority of the voters voting on the bond order shall be sufficient to make it operative, in all cases where the order is required by this act to be submitted to the voters."

The finding and conclusion of the trial court that the hospital here proposed is not a necessary expense of the county within the meaning of Art. VII, sec. 7, of the Constitution is directly supported by what was said in *Palmer v. Haywood County,* 212 N. C., 284, 193 S. E., 668; *Burleson v. Spruce Pine,* 200 N. C., 30, 156 S. E., 241; *Nash v. Monroe,* 198 N. C., 306, 151 S. E., 634; and *Armstrong v. Comrs.,* 185 N. C., 405, 117 S. E., 388. The ruling must be affirmed on authority of these cases. It is admitted that the resolution did not receive a favorable vote of a majority of the qualified voters.

The recital in the resolution adopted by the commissioners is, that "it is deemed advisable to construct a County Hospital," not that it is neces-

sary or essential. It is further observed that the resolution is silent on whether it is to be approved by a majority of the votes cast or by a majority of the qualified voters. Doubtless a more intelligent expression would have been made, had the electorate known with certainty whether the vote was to be against the registration. *Hill v. Skinner,* 169 N. C., 405, 86 S. E., 351; *Rigsbee v. Durham,* 98 N. C., 81, 3 S. E., 749.

It is further contended by the defendant that the action should be dismissed under section 20 of the County Finance Act, ch. 81, Public Laws 1927, because not brought within thirty days after the first publication of notice of the adoption of the bond resolution. The first publication was on 29 September, and this action was instituted on 30 November following. *Jones v. Alamance County,* 212 N. C., 603, 194 S. E., 109; *Kirby v. Comrs. of Person,* 198 N. C., 440, 152 S. E., 165. This section has reference to orders adopted under valid authority of the County Finance Act, and does not extend to matters in conflict with the Constitution. Statutory requirements, in all events, must be made to square with the provisions of the organic law, or else disregarded. *Perry v. Comrs.,* 183 N. C., 387, 112 S. E., 6.

In the absence of any showing of reversible error, the judgment will be

Affirmed.