HIRAM WESTBROOK v. THE TOWN OF SOUTHERN PINES, D. G.
STUTZ, MAYOR OF SAID TOWN OF SOUTHERN PINES, AND L. V. O'CAL-
LAGHAN, CHAS. S. PATCH, R. L. HART, H. J. BETTERLEY AND
E. C. STEVENS, CONSTITUTING THE BOARD OF COMMISSIONERS OF
SAID TOWN OF SOUTHERN PINES.

(Filed 1 February, 1939.)

1. **Taxation § 4—Fact that library financed wholly from funds other than
   taxes is included in municipal building does not invalidate bonds.**

   Defendant municipality, pursuant to a resolution approved by a major-
   ity of its qualified voters, proposed to purchase land and construct thereon
   a municipal building constituting a necessary municipal expense. The
   municipality proposed to include in said building a public library financed
   wholly by funds donated by the Federal Government and by private citi-
   zens, and which should not in any way interfere with the legitimate use
   of the property for necessary municipal purposes. *Held:* The validity
   of the bonds is to be determined by the purpose for which they are issued
   as appears from the resolutions of its board, and the inclusion of a public
   library to be financed wholly by donations without aid from funds de-
   rived from taxation, does not invalidate the proposed bonds.

2. **Same—**

   The erection, equipment and support of a public library is not a neces-
   sary municipal expense, and a municipality may not expend public moneys
   or pledge its faith and credit therefor without approval of a majority of
   its qualified electors.

3. **Same—Held: Taxpayers should not be precluded from restraining city
   if it should attempt to expend public moneys for support of library
   without approval of majority of qualified voters.**

   Defendant municipality, with the approval of a majority of its qualified
   voters, proposed to issue bonds for a necessary municipal building. It
   also proposed, without submitting the question to a vote, to include therein
   a public library to be constructed and supported wholly by funds donated
   by the Federal Government and private citizens. *Held:* Decree dissolving
   the temporary order restraining the issuance of the bonds was proper,
   but its provisions which might preclude interested taxpayers from insti-
   tuting suit if the municipality should hereafter undertake to construct,
   equip or support the library with public moneys, is modified.

APPEAL by plaintiff from *Bivens, J.,* at December Term, 1938, of
MOORE.

This is an action to restrain the issuance and sale of certain serial
bonds of the town of Southern Pines.

The board of commissioners of said town, by ordinance duly adopted,
authorized the issuance of bonds in the maximum sum of $12,000 for
the purpose of purchasing land adjoining the post office to be used as a
site on which to erect public buildings which the town may legally

erect and for which it might levy an unlimited tax. An election was called and the issuance of the bonds was duly authorized. At a later meeting the town board reduced the total amount of bonds to be sold to $9,000. The cause came on to be heard in the court below on the notice to show cause why the temporary restraining order should not be made permanent. Upon said hearing the court found the facts and, upon the facts found, dissolved the restraining order and dismissed the action. The plaintiff excepted and appealed.

*J. Vance Rowe for plaintiff, appellant.*
*U. L. Spence for defendants, appellees.*

BARNHILL, J. The plaintiff admits that the proceedings preliminary to the sale and issuance of the proposed bonds were in all respects regular; that an election was duly had and a majority of the qualified voters of the town voted in favor of the issue and sale of said bonds; and that if the defendants were acting in good faith to acquire said site and erect thereon public buildings of the character provided in the ordinance adopted by said town there could be no question as to the validity of the proposed bonds; which are purportedly being sold "For the purpose of purchasing land adjoining the new post office to be used as a site on which to erect public buildings which the town may legally erect and for which it might levy an unlimited tax." But the plaintiff alleges that the real purpose of the defendants is to acquire the land for the purpose of erecting thereon a public library building, which is not a building of the type specified in the resolutions and ordinances.

The defendants admit that the defendant town has accepted an offer by the Federal Government of a grant to be used in part payment of the cost of erection of a public library building and that it is their purpose to erect said building upon the land to be secured through the use of the proceeds of said bonds, but the defendants assert that the said land is being acquired for the purpose of erecting a municipal building and that the entire lot is necessary for such building, but that it is sufficiently large for the erection thereon of the proposed library building without subtracting from the usefulness or attractiveness of the municipal buildings to be erected, and that the erection of the library building is wholly incidental to the purpose of the defendants in acquiring said site for the location of municipal buildings. The defendants further allege that local citizens have agreed to donate the entire expense, other than the contribution from the Federal Government, incident to the construction of the library building.

The court below found: That the defendants were proceeding in good faith to acquire said property as a site for erection of municipal build-

ings which are required and necessary for the use and ordinary transactions of the business and affairs of said municipality; that the expenditure of the proceeds of said bonds for said purpose is a necessary expense; that the purpose of the defendants to erect thereon a public library building is purely incidental; that the land is sufficiently large to permit the same without subtracting from its usefulness as a site for municipal buildings; that the entire cost of the construction of the library building is to be paid by the Federal Government and private citizens, a substantial part of said contributions having already been made; that the acquisition of said land for the location of necessary municipal buildings constitutes both the initial and ultimate purpose of the defendants in the issuance and sale of said bonds and the acquisition of said site, but as incidental to said purpose of the defendants it is likewise the intention and purpose of the defendants, if permitted to do so, under the judgment and decrees of the court in this cause, to permit the erection on said site of the public library building for the use of the public generally, the cost of said public library building to be wholly paid by individuals and persons other than the defendants; and that the defendants propose to acquire the land for the location of municipal buildings even if it be adjudged that they have no authority to permit the erection of a public library building thereon.

The proceedings for the sale of said bonds are admittedly regular. An election was had and a majority of the qualified voters of the defendant town approved the issuance of the bonds which, as expressed in the ordinances and resolutions and the call for election, are to be issued for the purpose of purchasing land as a site on which to erect public buildings which the town may legally erect and for which it might levy an unlimited tax. It is found by the governing board and by the court below that said land is to be acquired as a site for a municipal building, which constitutes a necessary expense of said municipality. It follows that the issuance and sale of said bonds is a valid exercise of municipal power. That the town authorities contemplate using a portion of said lot as a site for a public library building to be donated to the city does not invalidate the bonds and furnishes no reason for enjoining their issue. Their validity is to be determined by the purpose for which they are issued as appears from the resolutions of the board. *Hightower v. Raleigh,* 150 N. C., 569.

The court below properly dissolved the order restraining the defendants from issuing and selling said bonds. But the judgment contains the further provision: "It is further considered, adjudged, and decreed by the court that this judgment and decree constitutes a final adjudication of all the matters and things alleged in the complaint and involved

in this action under the pleadings filed herein, and it is thereupon considered, adjudged and decreed by the court that the action of the defendants be and it is hereby dismissed as final adjudication of all the matters involved in this action."

The plaintiff alleges in effect that the town authorities have pledged the faith and credit of the town to procure a grant from the Federal Government to be used in the erection of a library building by the town authorities.  It further appears by implication, at least, that it is the purpose of the town authorities to support and maintain a public library in the building to be erected by funds donated by individuals and granted by the Federal Government.  We do not question the right of the defendants to accept the donation of the cost of a public library building, nor their right to permit the erection of such building upon property owned by the town in such manner and at such location thereon as will not interfere with the legitimate use of· the property for necessary government buildings.  If, however, the town authorities do not now have in hand donated funds which, when added to the grant from the Federal Government, are amply sufficient to pay for the cost of the erection of the proposed library building, then the application of the defendant to the Public Works Administration of the Federal Government for a grant in fact pledges the faith and credit of the town to the extent of fifty-five per cent of the cost of said building.  In the application the liability of the town is not limited to donations received. The obligation is unqualified.

A public library is not a necessary expense.  *Twining v. Wilmington,* 214 N. C., 655.  (See also ch. 365, P. L. 1933.)  The town authorities are without power to pledge the faith and credit of the town to procure a grant for the erection of a public library without a majority vote of the qualified electors, nor to expend public moneys in the equipment, support and maintenance of such an institution.  Considering the allegations in the complaint and the counter allegations in the answer, the quoted portion of the judgment might well be interpreted as adjudicating these matters in favor of the defendant.

If the defendants should hereafter undertake to exercise the taxing power in order to comply with· its contract with the Federal Government, or if it is the purpose of the defendants to furnish, equip, maintain and support a public library in the proposed building by the use of public funds raised by taxation, the plaintiff herein and other taxpayers should not be precluded from the remedies available to them to prevent such unauthorized exercise of power by the town authorities.

To the end that the rights of the plaintiff and other taxpayers in respect to the future conduct of the defendants in connection with the

matters and things alleged in the pleadings, other than the actual issuance and sale of the proposed bonds and the purchase of said land, may be preserved the quoted portion of the judgment below should be stricken therefrom.

The defendants are entitled to, a judgment dissolving the order restraining them from issuing and selling the proposed bonds.

Modified and affirmed.