Wright v. County of Macon

HARRY R. WRIGHT, COOLIDGE MASON, AND MACON COUNTY TAXPAYERS ASSOCIATION, INC., ON BEHALF OF ITS MEMBERS v. COUNTY OF MACON

No. 8330SC595

(Filed 1 November 1983)

1. **Counties § 6; Taxation § 11.1— time for attacking special school bond referendum order**

    An action to set aside a special school bond referendum order brought more than 30 days after publication of the bond order was barred by G.S. 159-59 where the action attacked the bond order only on a statutory basis.

2. **Counties § 6; Taxation § 11.1— county manager's application for approval of bond referendum—ratification by county board of commissioners**

    A county board of commissioners could properly ratify the county manager's submission of an application to the Local Government Commission for approval of a school bond referendum.

3. **Counties § 6; Taxation § 11.1— school bond referendum order—notice and hearing requirements**

    A board of county commissioners complied with the notice and hearing requirements necessary for a valid school bond referendum order and had authority to adopt the order on the same day as the public hearing. G.S. 143-318.12; G.S. 153A-40; G.S. 159-57.

4. **Counties § 6; Taxation § 11.1— school bond referendum order—failure to disclose revaluation**

    A school bond referendum order issued in August 1982 was not invalid because of the county's failure to disclose 1983 appraised values from a tax revaluation since the county was required to provide information only on the appraised values from which the last assessed values had been computed, that is, the 1982 appraised values.

APPEAL by plaintiffs from *Russell G. Walker, Jr., Judge.* Summary judgment entered 18 March 1983 in Superior Court, JACKSON County. Heard in the Court of Appeals 23 September 1983.

*Hunter, Large & Kirby, by William P. Hunter, III, for plaintiff appellants.*

*Jones, Key, Melvin & Patton, P.A., by Richard S. Jones, Jr., for defendant appellee.*

BECTON, Judge.

I

Plaintiffs, concerned citizens and voters of Macon County, instituted this action against the County of Macon (County) on 26 January 1983 to have a $9.6 million special school bond referendum declared void and set aside. On 18 March 1983 the trial court granted the County's motion for summary judgment. The citizens appeal.

II

The $9.6 million school bond referendum originated with a request by the Macon County Board of Education to the Macon County Board of Commissioners for the above sum to do necessary renovations. On 27 July 1982 the County Manager submitted an application to the Local Government Commission for approval of the proposed bond issue. At its regular meeting on 2 August 1982, the Board of Commissioners unanimously passed a resolution authorizing the filing of the 27 July 1982 application with the Local Government Commission. At the same meeting, the Board of Commissioners introduced a bond order authorizing the $9.6 million in school bonds and set the public hearing on the bond order for 16 August 1982 at 9:00 a.m. The introduced bond order and notice of the public hearing were published in the local newspaper on 6 August 1982. Notice that the Board would reconvene its 2 August 1982 adjourned regular meeting at the same time as the public hearing was posted in the courthouse on 13 August 1982. On 16 August 1982 the full Board of Commissioners held the public hearing on the bond order. That same day, at its adjourned regular meeting, the Board of Commissioners adopted

the order and passed a resolution calling a special bond referendum. The adopted bond order was published in the local newspaper on 20 August 1982.

The voters of Macon County approved the school bond referendum on 2 November 1982 by a wide margin.

### III

[1] An action to set aside a bond order, on the ground that the order is invalid, must be brought within 30 days after publication of the adopted bond order. N.C. Gen. Stat. § 159-59 (1982). In *Sessions v. Columbus County*, 214 N.C. 634, 200 S.E. 418 (1939), our Supreme Court interpreted the 1927 version of G.S. § 159-59 to bar statutory, but not constitutional, attacks on a bond order after 30 days.

In this case the adopted bond order was published on 20 August 1982. G.S. § 159-59, the statute limiting actions to set aside a bond order, bars the citizens' action since their complaint (filed 26 January 1983) attacks only the statutory requirements of a valid bond order. Plaintiffs allege that the County failed: (a) to file a valid application to the Local Government Commission for approval of the proposed bond issue as required by N.C. Gen. Stat. § 159-51 (1982); (b) to adopt the bond order and pass the resolution calling a referendum at a properly constituted meeting; (c) to release information on the appraised value of property subject to taxation; and (d) to file a true statement of the county debt as required by N.C. Gen. Stat. § 159-55(a)(4) (1982). As the following discussion shows, these assertions by plaintiffs rest solely on statutory grounds and are without merit.

[2] Plaintiffs first contend that the application to the Local Government Commission was unauthorized and, therefore, invalid under G.S. § 159-51. However, the Board of Commissioners ratified the County Manager's filing in its resolution dated 2 August 1982. When a person with limited or no authority purports to act as agent in doing an unauthorized act, the supposed principal, upon discovery of the facts, may ratify the agent's act, thereby giving it the same effect as if it had been authorized. *Patterson v. Lynch, Inc.*, 266 N.C. 489, 146 S.E. 2d 390 (1966). Plaintiffs' first argument fails.

[3] Plaintiffs next assert that the Board of Commissioners did not adopt the bond order at a properly constituted meeting. We find adequate notice of both the public hearing and the adjourned regular meeting under N.C. Gen. Stat. § 143-318.12 (1983) and § 153A-40 (1983). Pursuant to N.C. Gen. Stat. § 159-57 (1982), the Board of Commissioners had the authority to adopt the order on the same day as the public hearing. The Board complied with the notice and hearing requirements necessary to a valid bond order.

[4] Plaintiffs' third argument rests upon an interpretation of G.S. § 159-55(a)(4). Plaintiffs attack the validity of the bond referendum based on the County's failure to disclose a 1983 tax revaluation. Under G.S. § 159-55(a)(4), the County was not required to divulge the *1983* appraised values. G.S. § 159-55 sets out the information the County must provide after the bond order has been introduced, but before the public hearing. The Legislature has not required any further information releases prior to the bond referendum. The County must include the "appraised value of property subject to taxation" under G.S. § 159-55(a)(4). The statute defines "the appraised value" as "the value from which the *assessed value last fixed* for taxation by the issuing unit was computed." (Emphasis added.) The County, to comply with G.S. § 159-55(a)(4) in August 1982, only needed to provide the appraised values from which the last assessed values had been computed, the 1982 appraised values. The assessed values for the 1983 appraised values were not computed until after January 1983; therefore, disclosure of the 1983 appraised values was not required for the August 1982 public hearing. The citizens do not dispute that the County did supply the 1982 figures. The County fulfilled the statutory requirements.

Plaintiffs' fourth argument, the County's failure to file a true statement of the County debt, was contingent upon a finding that the County should have supplied the 1983 appraised values. We need not address it further.

Because plaintiffs' claims are (1) barred by G.S. § 159-59, and (2) without merit, the trial court's grant of defendant's motion for summary judgment is

Affirmed.

Judges JOHNSON and BRASWELL concur.